(577 P.2d 830)

No. 49,161

Nathan W. McCleskey, *Appellee,* v. Noble Corporation, *Appellant,* v. Chemical Construction Company or Chemico Construction Company, *Appellee.*

Opinion filed April 28, 1978.

*Barry E. Warren* and *Richmond M. Enochs* of Wallace, Saunders, Austin, Brown & Enochs, of Overland Park, for the appellant.

*L. Franklin Taylor* and *J. Eugene Balloun* of Payne & Jones, Chartered, of Olathe, for the appellee Chemical Construction Company or Chemico Construction Company.

Before Swinehart, P.J., Rees and Spencer, JJ.

Spencer, J.: The sole issue involved on this appeal is whether the defendant, in an action brought by an injured workman who has been paid compensation under the Kansas Workmen's Compensation Act (K.S.A. 44-501, *et seq.*), may maintain a third-party action for indemnity against the employer of the injured workman on the basis of active and primary negligence on the part of the employer.

This case has not yet been tried; however, for the purposes of this appeal, the facts are not in dispute. On October 15, 1974, plaintiff was employed by the third-party defendant, Chemical Construction Company (hereinafter Chemico). On that day, plaintiff was injured by accident arising out of and in the course

of his employment when struck by a load of steel. Just prior to the accident, the load of steel which struck plaintiff was being lowered to the ground by a crane which had been leased to Chemico by defendant Noble Corporation. The manual operation of the crane was being performed by Stanley Ray, an employee of Noble, who in turn was receiving directions as to where to move the crane load from Ted Picraux, an employee of Chemico. Directions to the crane operator were given by what is known in the industry as "flagging," which is referred to in the record as being of a "joint nature" between the flagman and the crane operator. On this occasion, the flagman directed the crane operator in such a manner that the crane became unbalanced and dropped the load of steel, resulting in plaintiff's injuries.

As a result of his injuries, plaintiff recovered workmen's compensation benefits from his employer Chemico. Thereafter, plaintiff filed an action against Noble alleging that Noble, its agents or employees had been negligent in the operation of the crane and that such negligence was the proximate cause of his injuries. Noble answered and filed a third-party petition against Chemico in which it is alleged:

"That if Noble Corporation is found liable to plaintiff under any theory contained in plaintiff's petition which has been heretofore denied, such liability and circumstances giving rise thereto could not occur except for acts of negligence on the part of the third-party defendant, Chemico Construction Company or Chemical Construction Company, as said third-party defendant was directing, and supervising all activities at the time in question, and that should the Noble Corporation be liable on any theory of negligence, such negligence could only have been passive and secondary, while the negligence of the third-party defendant, Chemico Construction Company or Chemical Construction Company, would have been active and primary and the proximate cause of the plaintiff's alleged damages."

The prayer is for judgment against Chemico in an amount equal to any judgment obtained by plaintiff against Noble on account of his injuries and for attorney fees, expenses, and costs of defending the plaintiff's action, as well as for prosecuting the third-party action against Chemico.

Thereafter, Chemico moved to dismiss the third-party action against it. The trial court sustained the motion and ruled as follows:

"  .  .  .  [T]hat Chemical Construction Company or Chemico Construction Company is hereby dismissed as a party to this action, except that Chemical

Construction Company or Chemico Construction Company is to remain a party to this action in accordance with the provisions of K.S.A. 60-258a for the purpose of assessment, determination and comparison of the negligence attributable to the respective parties, yet not for the purpose of any assessment of liability on the part of said defendant, Chemical Construction Company or Chemico Construction Company."

Subsequently, the trial court directed the entry of partial summary judgment with the express determination "that there is no just reason for delay," pursuant to K.S.A. 60-254(b). The judgment of the court has therefore become final as to Chemico with respect to its liability to Noble in the third-party action and this appeal is proper.

Kansas adheres to the common law rule that there is no right to contribution among joint tortfeasors. *Alseike v. Miller,* 196 Kan. 547, 412 P.2d 1007 (1966). A distinction exists, however, between contribution and indemnity. Contribution means a sharing of the loss while indemnity means a shifting of the entire loss. *Cullen v. Atchison, T. & S. F. Rly. Co.,* 211 Kan. 368, 507 P.2d 353 (1973). Indemnity is allowed at common law as to a party liable for the injuries of another by reason of passive, implied, or constructive negligence as against another party guilty of active, primary, and direct negligence, as long as the parties are not *in pari delicto. Russell v. Community Hospital Association, Inc.,* 199 Kan. 251, 428 P.2d 783 (1967).

The question therefore presented is whether the Workmen's Compensation Act (K.S.A. 44-501, *et seq.*) abrogates the common law right of a passively negligent third party, who is sued by an injured employee, to be indemnified by an actively negligent employer who has already paid benefits under the Act. For the purposes of this appeal only, and without deciding, we must assume that the facts establish that Noble (the third party) was passively negligent and that Chemico (the employer) was actively negligent.

K.S.A. 1977 Supp. 44-501 provides in part:

"  .  .  .  Except as provided in the workmen's compensation act, no such employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable thereunder  .  .  .  ."

Under this provision, it has long been settled that, if a worker is entitled to benefits under the Act for an injury, the remedy is exclusive and he or she cannot maintain a common law action for damages founded upon negligence against a party from whom

compensation could have been recovered under the Act. *Woods v. Cessna Aircraft Co.,* 220 Kan. 479, 482, 553 P.2d 900 (1976). The Act is also the exclusive remedy of dependents of the employee seeking damages for his or her injuries. *Fritzson v. City of Manhattan,* 215 Kan. 810, 528 P.2d 1193 (1974); *Stonecipher v. Winn-Rau Corporation,* 218 Kan. 617, 545 P.2d 317 (1976).

Even though the Act is the exclusive remedy as to the employer, the employee may bring an action against a negligent third party. K.S.A. 1977 Supp. 44-504(a) provides:

"When the injury or death for which compensation is payable under the workmen's compensation act was caused under circumstances creating a legal liability against some person other than the employer or any person in the same employ to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the workmen's compensation act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person."

In the event of recovery from such third party by the injured workman, his dependents or personal representatives, by judgment, settlement, or otherwise, the employer is subrogated to the extent of the compensation and medical aid provided the employee to the date of such recovery and is granted a lien therefor. K.S.A. 1977 Supp. 44-504(b).

The issue here presented appears to be one of first impression in this state. However, we are not completely without guidance. In *Houk v. Arrow Drilling Co.,* 201 Kan. 81, 439 P.2d 146 (1968), two independent contractors (Jake's Crew and Arrow) were employed by a petroleum company to work on an oil and gas site owned by the petroleum company. Plaintiff, an employee of Jake's Crew, was injured and recovered benefits under the Act. He and his employer (Jake's Crew) then brought a third-party negligence action against Arrow under K.S.A. 44-504. Arrow counter-claimed against Jake's Crew alleging *inter alia* that, if plaintiff was injured, it was the result of negligence of Jake's Crew and (apparently), that if Arrow was liable for plaintiff's injuries, it should be entitled to contribution or indemnity from Jake's Crew. The trial court dismissed Jake's Crew on the ground that, plaintiff having recovered workmen's compensation benefits, Jake's Crew could not be further liable for the accident. The court nonetheless submitted the issue of negligence of Jake's Crew to the jury, which found the injury to have resulted from the combined negligence of Jake's Crew and Arrow. Because of this

finding, the court held that Jake's Crew could not recover, as authorized by what is now K.S.A. 1977 Supp. 44-504(b), the amounts it had paid plaintiff under workmen's compensation and further that the judgment against Arrow should be reduced by that amount.

The Supreme Court reversed, holding that Jake's Crew was properly dismissed and that the trial court had erred in submitting the issue of its negligence to the jury. There it was said:

" . . . Further, section 44-501 fixes the liability of an employer to his employee where both parties are under the Act. The liability is in no sense founded upon tort, but is based upon the contract of employment and the statute, the terms of which are embodied in the contract. *In short, the liability of an employer under 44-501 to provide compensation and medical aid to an employee injured in the course of his employment supersedes the employer's common-law liability for negligence* . . . .

"Moreover, when an action is brought in the name of the employee against a negligent third party pursuant to 44-504, compensation proceedings have no place in the trial of such an action, and the extent that the employer may participate therein is to intervene to protect and enforce his monetary lien for compensation and medical aid provided the employee to the date of recovery. While such an action requires adjustment between the employer and the employee in the event of recovery, neither the employer nor his insurance carrier may actively participate in the trial of such an action . . . ." (201 Kan. at 91-92; emphasis added.)

Among other things, it was concluded:

" . . . Jake's Crew's liability to the plaintiff was statutory and contractual, while Arrow's liability to him was based upon negligence—tort liability—hence, Jake's Crew sustained no liability in common with Arrow and under no circumstances would it be liable for contribution . . . ." (201 Kan. at 93.)

The court did not discuss indemnity and no issue of the active-passive theory of indemnity was presented to it.

As noted in *Houk,* the majority rule is that there can be no *contribution* between the third party and the employer because there is no common liability. However, it is said to be the majority rule that *indemnity* can be had by the third party against the employer when the employer has breached an *independent duty* owed the *third party.* See generally, 2A Larson, The Law of Workmen's Compensation, §§ 76.21, 76.30 (1976).

That position was taken by Judge O'Connor in *Beach v. M & N Modern Hydraulic Press Co.,* 428 F. Supp. 956 (D. Kan. 1977). In that case, the third party sought indemnity simply on a theory that its negligence had been less than that of the employer. Since such a theory looks only to the degree of the employer's negligence

involved in the employee's injury, it necessarily involves violation by the employer of a legal duty owed to the employee. Any liability of the employer for such a breach is, of course, superseded by the Act. Accordingly, the third-party complaint against the employer was dismissed. The federal court stated:

"We conclude that in order to state a cause of action against Kuhlman [the employer], M & N [the third party] must allege the existence and violation of an independent legal duty owed by Kuhlman to M & N  .  .  .  ." (428 F. Supp. at 963.)

As no such allegation was there made, it was not necessary for the federal court to further define the nature of such an "independent legal duty."

In this case, Noble argues that an actively negligent tortfeasor's common law responsibility to indemnify a passively negligent tortfeasor is such an "independent legal duty." We do not agree.

Although the third-party petition does not further define the claimed obligation from Chemico to Noble, we believe it is obvious that the alleged entitlement to indemnity is not based on an independent legal duty at all, but arises solely from the injuries sustained by the plaintiff. As alleged in the third-party petition, Chemico owed no duty to Noble except such as might exist by reason of those injuries and, if Chemico is liable to Noble on any theory of negligence, such must necessarily have been occasioned by Chemico's negligence to its employee. K.S.A. 44-501 clearly eliminates the employer's liability for such negligence. *Houk v. Arrow Drilling Co.,* supra.

The majority rule denies indemnity unless based on an independent *contractual* duty or a special legal relationship "other than arising out of participation in a joint wrong to an injured party." See *Peak Drilling Co. v. Halliburton Oil Well Cement Co.,* 215 F.2d 368, 371 (10th Cir. 1954). There, the court noted with approval the case of *Hunsucker v. High Point Bending & Chair Co.,* 237 N.C. 559, 75 S.E.2d 768 (1953), which explicitly rejected indemnity to the third party by the employer based on a theory of active-passive negligence. For later cases, see 2A Larson, The Law of Workmen's Compensation, § 76.44 (1976). We note the conflict of authority as to whether contractual indemnity is limited to express contracts or may be based on implied contract. As there is no allegation here of contractual indemnity and as Noble in its brief has expressly limited its appeal to the active-passive negligence theory, we need not decide that issue.

In support of its position, Noble cites some of the cases which express the minority view allowing indemnity based on the active-passive theory. Among those is *Trail Builders Supply Company v. Reagan,* 235 So. 2d 482 (Fla. 1970), which holds:

" . . . A passive tortfeasor's direct common law right of indemnity against the active tortfeasor is not mentioned [in the Florida Workmen's Compensation Act]. If it had been the legislative intent to abolish such right, it should have been spelled out with specificity and particularity . . . ." (235 So. 2d at 485.)

In like vein, Noble argues that K.S.A. 44-501 does not expressly mention the common law right of a passively negligent tortfeasor to indemnity from an actively negligent tortfeasor, and should not be read as abrogating that right. Insofar as this presents a separate argument from that of an "independent duty in tort," we find it also unpersuasive. As we have stated, indemnity based on active-passive negligence in substance looks to the negligence of the employer. K.S.A. 44-501 expressly precludes any liability of the employer for that negligence when the employer and employee are covered by the Act. As such, it expressly abrogates a passively negligent third party's common law right to indemnity from an actively negligent employer.

As a final matter, we note that the trial court dismissed the third-party action against Chemico:

" . . . [E]xcept that [it] is to remain a party to this action in accordance with the provisions of K.S.A. 60-258a for the purpose of assessment, determination and comparison of the negligence attributable to the respective parties, yet not for the purpose of any assessment of liability on the part of said defendant [Chemico]."

By affirming the dismissal of the third-party action, we have affirmed the holding of the trial court that Chemico is not liable under the allegations of the third-party petition. Because of the limited nature of this appeal, we are not concerned with and express no opinion as to how the percentage of negligence attributable to Chemico by the jury, if any, is to be applied in determining the plaintiff's right to recover or the amount of damages, if any, for which Noble will be liable.

Judgment affirmed.

REES, J.: I concur. However, I wish to express an additional reason for the result reached. This other reason was not addressed by the parties on appeal.

This litigation arises out of an accident on October 15, 1974.

The exclusive remedy language of K.S.A. 1977 Supp. 44-501 has remained unchanged since 1967. It concerns the employer's *liability for injury.*

With the exception of immaterial amendments, our comparative negligence statute, K.S.A. 60-258a, was enacted effective July 1, 1974. It concerns *causal negligence.* I take this to mean what it says, causal negligence without distinction as to degree or kind. My present view is that the right of a party guilty of passive negligence to be indemnified by a party guilty of active negligence has been abrogated by the statutory adoption of comparative negligence. Although it may, it does not necessarily follow that there has been abrogation of the right of indemnity in instances of vicarious liability and other instances not involving, obviously, express contract or agreement.

As stated in the majority opinion, K.S.A. (now 1977 Supp.) 44-501 bars recovery in indemnity by Noble against Chemico upon proof of active negligence on the part of Chemico and passive negligence on the part of Noble. Beyond its responsibility for payment of workmen's compensation benefits and by the language of the statute, Chemico is not liable for the plaintiff's *injury.* Application of the active-passive negligence principle to avoid this bar is not available to Noble because that principle has been abrogated.