No. 49,162

RICHARD M. HAYS, d/b/a J, M & R ENTERPRISES, *et al., Plaintiff,* v. THE FARM BUREAU MUTUAL INSURANCE CO., KFB INSURANCE COMPANY, INC., *Appellants,* and BOB DOLL, *Appellee.*

(589 P.2d 579)

Opinion filed January 20, 1979.

*Jerry G. Elliott,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause, and *Christopher P. Christian,* of the same firm, and *Charles A. Sparks, Jr.,* of Sparks, Foust & Vignery, of Goodland, were with him on the brief for the appellants.

*Selby S. Soward,* of Zuspann, Soward & Burr, of Goodland, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This appeal is from a judgment denying a cross-claim by two insurance companies against their agent for indemnification arising from an insurance loss claim of $6,200.00 assessed against the companies and the agent.

The defendant Bob Doll was the agency manager in Sherman County, Kansas, for defendants Farm Bureau Mutual Insurance Company and KFB Insurance Company, Inc., under a written agency contract.

The agency contract in pertinent part provided:

"3. The Agent shall not make, alter, or discharge any contract of insurance; waive any forfeiture; waive payment of premium in cash; extend the time of payment of any premium; accept payment of any past due premium except at the direction of the Companies; extend any premium note; approve evidence of good health; name special rates; guarantee dividends; or receive any money due or to become due, except initial premiums or except when authorized by the Companies. The Agent shall not incur any indebtedness or liability on behalf of the Companies of any kind whatsoever.

"4. The Agent is regarded as an independent contractor with the Companies and they shall not be liable at any time for any act committed by the Agent. This includes any damages, caused by the Agent in the conduct of business affairs, involving the solicitation, or delivery of policies, or any other act incident to the conduct of the insurance business as well as damages that may arise by reason of any tortious acts committed by the Agent.

. . . .

"9. The Agent, upon demand of the Companies, shall furnish satisfactory Errors and Omissions Insurance and/or fidelity or surety bond in an amount to be fixed by the Companies."

Under this one agreement, Bob Doll was an authorized agent of both insurance companies and as such he was authorized, within the scope of the authority granted, to write binding insurance coverage for these two companies. On November 6, 1973, Bob Doll talked with the plaintiff, Richard Hays, concerning coverage on a 1974 Type 90 Chevrolet truck and on a Doonan pup trailer. As a result of the meeting two separate applications for insurance coverage were filled out and signed by both Hays and Doll. The application for coverage with the Kansas Farm Bureau Insurance Company covered the Chevrolet truck. A policy was issued thereon and no problem arose over this coverage. The second application was for coverage with the KFB Insurance Company, Inc., on the Doonan trailer. This latter application was not mailed to the company but remained in the agency office.

Doll testified the application was being held until Hays could decide what type of hauling operations were to be covered, local or long haul. On the other hand Hays testified he ordered full coverage, did not request the application to be held up, and understood he was to have immediate insurance protection on the trailer. The jury resolved this factual dispute and found that

binding coverage was in full force and effect on the trailer. There was evidence that the failure to forward the signed application violated Doll's agency agreement with the insurance companies. It was further determined that delay in forwarding applications was a common practice. Hays received one policy on his truck and a separate cargo policy was later applied for and received on the trailer cargo. No policy was ever issued to cover physical damage to the trailer.

On June 28, 1974, Hays' truck and trailer were involved in an accident. Claims were filed and paid by the companies on the truck policy and on the separate cargo policy.

Hays then filed a claim for physical damage to the trailer which claim was denied by the companies based on information received from their agent. Hays then filed this action in court on the contract alleging the existence of insurance coverage by reason of the execution of the binding application for insurance. The insurance companies answered and they also filed a cross-claim against Doll for indemnification in event plaintiff recovered judgment against them on his claim. Apparently the issues raised by the cross-claim were submitted to the trial court after a verdict was returned. No appeal has been taken from the judgment in favor of the plaintiff and against all three defendants.

The trial court refused to allow indemnification against the agent and in favor of the insurance companies for the reason there was no evidence introduced to establish that the companies would have denied the application for insurance had the application been promptly mailed to them.

The questions presented in this appeal may be placed and considered in two categories: (1) the claim for indemnification, and (2) the claim for contribution against a joint judgment debtor. As to the claim for indemnification the companies (appellants) contend that Bob Doll as their insurance agent was negligent in handling the application for insurance coverage on the Doonan trailer, and that this negligence consisted of the agent's failure to immediately forward the application for insurance to the companies as required by the agency contract. Based on these allegations they complain that the agent's negligence was imputed to them because of their agency relationship and that they are entitled to indemnification from their agent who was the actively negligent party. In support thereof they cite general authority

supporting the doctrine of subrogation, which doctrine may be invoked in favor of persons who are legally obligated to make good a loss caused by the negligence or tortious acts of another. *Fenly v. Revell,* 170 Kan. 705, 228 P.2d 905 (1951). This approach to indemnification under the facts of this case is not persuasive.

An examination of the record indicates the companies were found liable, not on the theory of their agent's negligence, but rather because their agent, acting within the scope of his authority, bound them to a contract for insurance coverage when he executed the application for insurance on behalf of the companies. Since the jury found an insurance binder was in effect at the time the accident occurred, the plaintiff was entitled to recover for loss as if a policy had been issued by the companies in accordance with the application on file with their agent. The judgment in this case was recovered on the basis of contract, not negligence. The judgment was entered against all three defendants in the action and has not been satisfied. No legal basis giving rise to a claim for subrogation has been shown.

However, an insurance agent, by virtue of the obligation to act for the benefit of the principal, is charged with good-faith obedience to instructions, and the agent must exercise reasonable and diligent care in performing those services which the agent has contracted to perform. 43 Am. Jur. 2d, Insurance § 169, p. 226; 35 A.L.R.3d 821, Insurance Binder—By Agent—Liability § 3, p. 824.

There can be no question that, under the facts found by the trial court and accepted by the parties, Doll breached the agency contract when he failed to promptly forward the application to the company offices. It is an obligation of an agent that he or she make a prompt, full, and frank disclosure to the principal of all matters concerning acts of the agency, and when an agent's lack of diligence is the proximate cause of liability and loss to the principal the insurance agent may be held liable to the principal for said loss. *Insurance Co. v. Baer,* 94 Kan. 777, Syl. ¶ 2, 147 Pac. 840 (1915); *Insurance Co. v. Bigger,* 102 Kan. 53, 169 Pac. 213 (1917). Although an insurance agent can incur personal liability for loss suffered by the agent's principal under a policy claim resulting from the agent's failure to forward an application for insurance to the company, the agent's failure must be a direct and proximate cause of the insurer's loss.

In 43 Am. Jur. 2d, Insurance § 170.5 (1978 Supp.), p. 29, it is said:

"An insurance agent who fails to . . . report the issuance of a policy as directed in his contract of agency, may incur liability to the insurer for exposing the insurer to liability for claims of loss under policies, where such claims naturally result from the agent's wrongful conduct. It must be proved, however, that the agent's conduct was the proximate cause of the loss to the insurer, and where the insurer was not prejudiced by the failure to report the policy issuance . . . and would have done nothing differently or incurred no greater loss with or without such knowledge, the agent may escape liability for his wrongful conduct."

While there are no Kansas cases dealing with this point, several other jurisdictions have had occasion to apply this rule. One such case is *Mathews v. Marquette Casualty Company,* 152 So.2d 577 (La. App.), *cert. denied* 244 La. 662, 153 So.2d 880 (1963). There the insurance agency failed to notify the insurer that insured had acquired an additional automobile to which the coverage of the family combination automobile policy extended. The court held that the insurer could not recover the subsequent loss from the agency absent a showing that it would not have sustained the same loss if the notice had been given. A like result is reached in *Julien v. Spring Lake Park Agency, Inc.,* 283 Minn. 101, 166 N.W.2d 355 (1969), where the insurance agency failed to notify the insurer that it had issued a temporary binder on a building. The court held the insurer was not entitled to indemnity from the agency for the subsequent loss because it was admitted the policy would have been written if the binder had been communicated to the insurer. The Tenth Circuit has reached the same result in *Lumbermens Mutual Insurance Company v. Bowman,* 313 F.2d 381 (10th Cir. 1963), where that court says:

"Stress is laid upon Thornberry's [agent] failure to write up and deliver a policy to the plaintiffs and to furnish copies of such policy to appellant. It cannot be seriously contended that this failure or any other act or failure to act on his part caused Lumbermens [insured] to suffer any additional loss. If he had issued and delivered a policy to plaintiffs upon receipt of the premium and forwarded the copies, Lumbermens' liability would have been the same as it now is, there being nothing in the record to show that Lumbermens would not have accepted and assumed the risk." 313 F.2d at 388.

In those cases in which indemnification has been granted there has been evidence at trial that the insurer would have rejected the risk if the binding application had been forwarded. *State Ins. Co. v. Jamison,* 79 Iowa 245, 44 N.W. 371 (1890). See generally Annot: 35 A.L.R.3d 821, 831-833.

When a claim is made by an insurance company against its agent for the agent's failure to forward an application for insurance to the company it must be proven that the agent's conduct was the proximate cause of the company's loss. Where it is not shown an application for such insurance if submitted would have been rejected, thereby avoiding any obligation on the insurance claim, the company is not entitled to indemnity from the agent. In such case the agent's failure to forward the application to the company is not the proximate cause of the company's loss.

Appellants argue that the correspondence between the companies and Doll appearing as Defendant's Exhibit D was sufficient to establish that they would not have issued the coverage on the Doonan trailer if the application had been forwarded to them as required by the agency contract. This correspondence related to previous delay in forwarding an application for coverage. In that correspondence agent Doll explained the reason for that particular delay, saying that the application was held for additional information. He advised that the companies had all of Hays' vehicle and farm master insurance. In spite of this correspondence the companies did issue the policy applied for and it would appear such action by the companies would not support the appellants' position. We are unable to find any testimony to support the appellants' claim that the companies would have rejected the risk had the application been forwarded to them as required by agency contract.

In any event the trial court held contrary to such a contention when it concluded:

"2. In the absence of any evidence showing that the defendants, The Farm Bureau Mutual Insurance Company and KFB Insurance Company, Inc., would have denied the application of insurance, said companies are bound by the jury verdict and are liable to the plaintiff for the loss under said policy."

Failing in such proof the companies are not entitled to indemnity from the agent.

The final point raised by the insurance companies is that they should be entitled to contribution from Bob Doll as a joint judgment debtor under K.S.A. 60-2413(b). This statute provides:

"A right of contribution or indemnity among judgment debtors, arising out of the payment of the judgment by one or more of them, may be enforced by execution against the property of the judgment debtor from whom contribution or indemnity is sought."

The judgment in this case was entered against all three defendants. No appeal has been taken from that judgment. The question of possible contribution between joint judgment debtors was not presented to the trial court and will not be considered for the first time on appeal. *In re Estate of Barnes,* 218 Kan. 275, 280, 543 P.2d 1004 (1975); *State v. Hornbeak,* 221 Kan. 397, Syl. ¶ 8, 559 P.2d 385 (1977). In addition, the plain wording of the statute indicates the right of contribution, if any, arises out of payment of the judgment by one or more of the judgment debtors. The record fails to disclose that the judgment has been paid in this case.

The judgment is affirmed.