**Kenneth WANDREY, Plaintiff,**

v.

**William McCARTHY, Defendant and Third–Party Plaintiff,**

v.

**SERVICE BUSINESS FORMS, INC.; the Ganzer Corporation, Inc.; Kevin. Ganzer; and Lawrence Wolfberg, Third–Party Defendants.**

Civ. A. No. 88–1616–T.

United States District Court, D. Kansas.

Sept. 23, 1992.

See also 762 F.Supp. 299.

Stuart L. Shapiro, Denver, Colo., Steven J. Rupp, Alan L. Rupe Law Offices, P.A., Wichita, Kan., for plaintiff; Michael D. Herd, Curfman, Harris, Rose, Weltz & Smith, Wichita, Kan., Michael Coppedge, Cowlin, Ungvarsky, Kukla & Curran, Crystal Lake, Ill., on briefs.

William Robert Martin, Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., Jennifer P. Ewers, James F. Murphy, Conklin & Adler, Chicago, Ill., for Service Business Forms; Kathryn Gardner, on brief.

Gary M. Austerman, Klenda, Mitchell, Austerman & Zuercher, Wichita, Kan., for William McCarthy; Lee H. Woodard, Woodard, Blaylock, Hernandez, Pilgreen & Roth, Wichita, Kan., on brief.

Kathryn Gardner, William Robert Martin, Robert J. Verrando, Adler, Kaplan & Begy, Chicago, Ill., for Kevin Ganzer, Lawrence Wolfberg, Ganzer Corp.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on third-party defendants' motion to dismiss third-party plaintiff's complaint against them for contribution or indemnity.

Plaintiff Kenneth Wandrey ("Wandrey") brought this action for breach of contract in state court in Illinois. Wandrey named as defendants William McCarthy ("McCarthy"), Service Business Forms, Inc., the Ganzer Corporation, Kevin Ganzer and Lawrence Wolfberg. Wandrey alleged that McCarthy, acting on his own behalf and as an agent for the other defendants, orally agreed to pay him a finder's fee for the purchase of certain telephones. Wan-

drey claimed that defendants breached their promise. The action was removed to the United States District Court for the Northern District of Illinois and transferred to this court. This court dismissed all defendants except McCarthy on statute of limitations grounds. McCarthy then filed, with leave of court, a third-party complaint for indemnity and/or contribution against the dismissed defendants. The third-party defendants move for dismissal on the ground that McCarthy cannot properly assert a third-party claim against them.

▆▆ Third party practice in federal court is governed by Federal Rule of Civil Procedure 14. Rule 14(a) provides in pertinent part: "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Under Rule 14, therefore, a defendant does not have to wait until he has paid a judgment to seek indemnity or contribution from other parties who are jointly liable to the plaintiff. Furthermore, Rule 14 impleader is permissible where the original plaintiff is barred by the statute of limitations from bringing an action directly against the third-party defendants. 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1447 (1990). The purpose of Rule 14 is to avoid multiple suits where matters could be resolved in one action. *United of Omaha Life Ins. Co. v. Reed,* 649 F.Supp. 837, 841 (D.Kan.1986). Therefore, it is to be liberally construed to give effect to that purpose. *Id.*

▆▆ Rule 14 does not affect the substantive rights of the parties. A defendant cannot implead a third party unless he has a proper claim against the third party under the applicable substantive law, based on plaintiffs claim of liability against defendant. *In re Dep't of Energy Stripper Well Exemption Litig.,* 752 F.Supp. 1534,

1536 (D.Kan.1990). "[I]t is irrelevant whether the basis of the claim is indemnity, contribution, or some other theory." *Id.* at 1537. There is no dispute that Kansas substantive law governs this case. The issue then is whether McCarthy has a substantive right under Kansas law to indemnity, contribution or some other form of compensation from the third-party defendants. McCarthy asserts that he is entitled to either indemnity or contribution from the third-party defendants.

In this case McCarthy may have a right of indemnity if he is found liable to Wandrey. "A right of indemnity exists where a party is compelled to pay damages that rightfully should have been paid by another party." *Black v. Don Schmid Motor, Inc.,* 232 Kan. 458, 473, 657 P.2d 517 (1983). Here, Wandrey alleges that McCarthy acted as an agent for the third-party defendants when McCarthy and Wandrey entered into the finder's fee contract. Neither the third-party defendants nor McCarthy deny that McCarthy was the third-party defendants' agent, and no one claims that McCarthy exceeded the scope of his agency. The general rule is that if an agent is held liable for contracts made on behalf of the principal and within the scope of the agent's authority, the agent is entitled to indemnity from the principal. Restatement (Second) of Agency § 439(c) (1984); *see also Barbara Oil Co. v. Kansas Gas Supply Corp.,* 250 Kan. 438, 827 P.2d 24 (1992) (upholding trial court's award of indemnification against principal for agent's liability to plaintiff).[1] Therefore, if McCarthy is held liable as an agent of the third-party defendants, he will be entitled to indemnity against the third-party defendants.

▆▆ Third-party defendants argue that the third-party complaint was filed outside the statute of limitations applicable to indemnity claims. The court disagrees. Although Rule 14 provides a procedural mechanism for bringing a claim for indemnity "[a]t any time after commencement of the action" against defendant,[2] the cause

---

**1.** Indemnification is only an issue in cases of undisclosed or partially disclosed agencies. In the situation of a fully disclosed agency, the agent is not liable on the contract at all, *Service Iron Foundry, Inc. v. M.A. Bell Co.,* 2 Kan.App.2d 662, syll. ¶ 1, 588 P.2d 463 (1978). The plead-

ings in this case do not indicate what type of agency is at issue.

**2.** The same procedure is available in the Kansas state courts. K.S.A. 60–214.

of action does not accrue for statute of limitations purposes until the party seeking indemnity "becomes obligated, by judgment or settlement, to . pay the original plaintiff." *Id.* at 456, 827 P.2d 24. Because McCarthy has not become obligated to pay Wandrey's claim, the statute of limitations has not yet begun to run.

 McCarthy also claims a right of contribution under K.S.A. 60–2413(a), which provides in part: "Persons jointly liable to another in contract are entitled to contribution among themselves as heretofore recognized by principles of equity." Contribution means a sharing of the loss between the parties. *See McCleskey v. Noble Corp.,* 2 Kan.App.2d 240, syll. ¶ 1, 577 P.2d 830 (1978). Wandrey's complaint asserts liability against McCarthy as a party to the alleged finder's fee contract in addition to as an agent. If McCarthy is held liable on the ground that he and the third-party defendants jointly entered into a contract with Wandrey, this would make McCarthy jointly liable with the third-party defendants and entitle him to contribution under Kansas law. *See Litwin v. Barrier,* 6 Kan.App.2d 128, 131, 626 P.2d 1232 (1981) (contribution between co-makers of negotiable instrument).

Third-party defendants assert that there can be no "joint liability" because the statute of limitations has run on plaintiff's claim against them. In support of this argument, third-party defendants cite two Kansas cases which hold that a negligent defendant generally cannot implead the plaintiff's employer, who is liable under workers' compensation law. *Houk v. Arrow Drilling Co.,* 201 Kan. 81, 439 P.2d 146 (1968); *McCleskey,* 2 Kan.App.2d 240, 577 P.2d 830. These cases do not deal with the statute of limitations issue, but merely state that where one party's liability is in tort and the other party's liability is based on statute and contract law, there is no common liability, as required for contribution under K.S.A. 60–2413(a). *Houk,* 201 Kan. at 93, 439 P.2d 146.[3] As discussed

above, co-makers of a contract do have common liability.

 Third-party defendants also argue that McCarthy's contribution claim is premature under Kansas third-party practice rules. It must be remembered, however, that this case is governed by the Federal Rules of Civil Procedure, not Kansas procedural law. As stated above, Rule 14 allows a defendant to bring a third-party complaint for indemnity or contribution "[a]t any time after commencement of the action." Fed.R.Civ.P. 14(a).

IT IS BY THIS COURT THEREFORE ORDERED that third-party defendants' motion to dismiss (Doc. 73) is hereby denied.

---

**3.** The court in *McCleskey* held that there is no right to indemnity either unless the employer owed an independent legal duty to the party seeking indemnity. *McCleskey,* 2 Kan.App.2d at 244–45, 577 P.2d 830.