MEMORANDUM AND ORDER
 

 SAFFELS, Senior District Judge.
 

 This matter is before the court on defendant’s Motion For Partial Summary Judgment (Doc. 35) filed April 10, 1996. Plaintiff, United States Fidelity and Guaranty Company (“USF & G”), filed a three-count complaint against defendant, Sulco, Inc. (“Sulco”), alleging negligence and breach of contract arising from Sulco’s binding USF & G to certain insurance contracts. In Count I, plaintiff alleges negligence and seeks damages based on a theory of implied indemnity. In Count II, plaintiff alleges negligence and seeks damages based on contribution. In Count III, plaintiff alleges breach of contract and seeks refund of commissions.
 

 Defendant Sulco moves for partial summary judgment on three issues: 1) That USF & G has no viable claim for contribution as set forth in Count II, and should therefore be limited to claims for implied indemnity and breach of contract for return of commissions; 2) that the provisions of the Kansas Comparative Negligence Act, Kan.Stat.Ann. § 60-258a, apply to USF & G’s claim for indemnity; and 3) that Kan.Stat.Ann. § 60-513(b) bars USF
 
 &
 
 G from claiming damages for any alleged negligent act of Sulco occurring prior to April 20,1985.
 

 For the reasons set forth below, Sulco’s Motion for Partial Summary Judgment is granted with respect to USF & G’s claim for contribution and denied with respect to the application of Kan.Stat.Ann. §§ 60-258a and 60-513(b).
 

 BACKGROUND
 

 The following facts are uneontroverted or, where controverted, construed in a manner most favorable to the plaintiff as the non-moving party.
 

 On or about April 3, 1984, USF & G and Sulco entered into an Agency Agreement whereby Sulco agreed to act on behalf of USF & G in the solicitation and sale of various insurance policies. In May of 1984, Sulco, acting as the agent of USF & G, presented to Keim Transportation, Inc. (“Keim”) a proposal for insurance to cover Keim’s worker’s compensation, automobile liability, and physical damage insurance needs. Although Keim ultimately entered into a contract with USF & G for insurance coverage, Keim subsequently claimed that it was misled by Sulco into purchasing insurance on terms other than it reasonably expected. Accordingly, Keim made a claim against USF
 
 & G
 
 for the amount of excess premiums it paid. A similar scenario, also resulting in Keim making a claim against USF & G, arose out of a May 1987 proposal from Sulco for insurance coverage.
 

 As a result of Sulco’s alleged acts, omissions, and negligence in presenting and explaining the terms of insurance purchased by Keim in 1984 and 1987, as well as Sulco’s alleged mishandling of the business relationship with Keim, Keim filed a lawsuit against USF & G in the District Court of Shawnee County, Kansas. Keim sought damages in excess of one million dollars arising from claimed overpayment of premiums, errors in the handling of insurance business, and misrepresentations alleged to have been made
 
 *822
 
 by USF & G, by and through its agent, Sulco.
 

 USF & G and Keim entered into a settlement agreement in October of 1994. The terms of the settlement required USF & G to pay Seven Hundred Seventy-Five Thousand Dollars ($775,000.00) to Keim in return for Keim’s dismissal of its action against USF & G, an assignment of Keim’s claims against Sulco, and a release of all other claims by Keim against USF & G. Thereafter, USF
 
 &
 
 G filed the present action against Sulco seeking damages in excess of $50,000.00 for which USF & G was held vicariously liable as a result of Suleo’s alleged negligence. The current matter does not involve USF & G’s claim for return of commissions on premiums refunded to Keim.
 

 STANDARD OF REVIEW
 

 A court shall render summary judgment upon a showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ.P. 56(e). The rule provides that “the mere existence of
 
 some
 
 alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.”
 
 Anderson v. Liberty Lobby, Inc., 477
 
 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1985). The substantive law identifies which facts are material.
 
 Id.
 
 at 248, 106 S. Ct. at 2510. A dispute over a material fact is genuine when the evidence is such that a reasonable jury could find for the nonmovant.
 
 Id.
 
 “Only disputes over facts that might properly affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.”
 
 Id.
 

 The movant has the initial burden of showing the absence of a genuine issue of material fact.
 
 Shapolia v. Los Alamos Nat'l Lab.,
 
 992 F.2d 1033, 1036 (10th Cir.1993). The movant may discharge its burden “by ‘showing1 — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party’s case.”
 
 Celotex Corp. v. Catrett, 477
 
 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1985). The movant need not negate the nonmovant’s claim.
 
 Id.
 
 at 323,106 S.Ct. at 2552-53.
 

 Once the movant makes a properly supported motion, the nonmovant must do more than merely show there is some metaphysical doubt as to the material facts.
 
 Matsushita Elec. Indus. Co. v. Zenith Radio,
 
 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1985). The nonmovant must go beyond the pleadings and, by affidavits or depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial.
 
 Celotex, 477
 
 U.S. at 324, 106 S.Ct. at 2553 (interpreting Fed. R.Civ.P. 56(e)). Rule 56(c) requires the court to enter summary judgment against a nonmovant who fails to make a showing sufficient to establish the existence of an essential element to that party’s case, and on which that party will bear the burden of proof.
 
 Id.
 
 at 322, 106 S.Ct. at 2552. Such a complete failure of proof on an essential element of the nonmovant’s case renders all other facts immaterial.
 
 Id.
 
 at 323, 106 S.Ct. at 2552-53.
 

 A court must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence.
 
 See, e.g., United States v. O’Block,
 
 788 F.2d 1433, 1435 (10th Cir.1986) (stating that “[t]he court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues”). The court’s function is not to weigh the evidence, but merely to determine whether there is sufficient evidence favoring the nonmovant for a finder of fact to return a verdict in that party’s favor.
 
 Anderson, 477
 
 U.S. at 249, 106 S.Ct. at 2510-11. Essentially, the court performs the threshold inquiry of determining whether a trial is necessary.
 
 Id.
 
 at 250, 106 S.Ct. at 2511.
 

 DISCUSSION
 

 I. Claim for Contribution
 

 Defendant Sulco contends that Count II of the plaintiffs complaint, entitled “Contribution,” is not a separate and distinct cause of action apart from that of Count I, ■under which plaintiff makes a claim for implied indemnity. Instead, defendant maintains that plaintiff has no viable, independent
 
 *823
 
 claim for contribution and plaintiff is therefore limited to its claims for implied indemnity and breach of contract.
 

 Kansas provides for a right of contribution pursuant to Kan.Stat.Ann. § 60-2413 which provides:
 

 (a)
 
 Generally.
 
 Persons jointly liable to another in contract are entitled to contributions among themselves as heretofore recognized by principles of equity. Such right of contribution may be asserted in separate actions or by way of cross-claim, interpleader, or intervention under the provisions of Article II.
 

 (b)
 
 Judgment debtors.
 
 A right of contribution or indemnity among judgment debtors arising out of the payment of the judgment by one or more of them, may be enforced by execution against the property of the judgment debtor from whom contribution or indemnity is sought.
 

 The clear meaning of the statute limits the right of contribution to situations where the parties are joint judgment debtors or where they are jointly liable on a contract.
 

 In the present case, plaintiff and defendant are not joint judgment debtors; no judgment was entered in Keim’s suit against USF & G in state court and Sulco was not a party to that ease. Nor are the parties jointly hable on a contract. Only USF & G was bound under the contract with Keim. Sulco, as USF & G’s agent, was not even a party to the contract. Accordingly, the court agrees with the defendant that Kan.Stat.Ann. § 60-2413 does not apply to the facts of the present case.
 

 Although Kansas law recognizes no statutory right of contribution among joint tortfeasors,
 
 McCleskey v. Noble Corp., 2
 
 Kan. App.2d 240, 577 P.2d 830 (1978), the doctrine of “comparative implied indemnity” may allow one tortfeasor to seek contribution from other potential tortfeasors in proportion to their comparative negligence.
 
 Kennedy v. City of Sawyer,
 
 228 Kan. 439, 618 P.2d 788 (1980). Kansas law restricts the use of this doctrine, however, to cases where an actual claim has been properly asserted against a joint tortfeasor.
 
 Ellis v. Union Pac. R.R.,
 
 231 Kan. 182, 643 P.2d 158, 165 (1982),
 
 affd,
 
 232 Kan. 194, 653 P.2d 816 (1982).
 

 Defendant contends that comparative implied indemnity is inapplicable to the present ease. The court agrees. The Kansas two-year limitations period, pursuant to Kan.Stat.Ann. § 60-513, is applicable to comparative implied indemnity claims.
 
 Reeve v. Union Pac. R.R.,
 
 790 F.Supp. 1074, 1076 (D.Kan.1992). And as defendant correctly points out, the limitations period had expired with respect to any claim Keim may have had against Sulco well before the present case was filed. Since no negligence claim could properly be asserted against Sulco, an action for comparative implied indemnity is not available.
 
 Ellis,
 
 643 P.2d at 165.
 

 The court finds no theories of contribution apply to this case, and therefore grants defendant’s Motion for Partial Summary Judgment with respect to plaintiffs claim for contribution.
 

 II. Application of Comparative Negligence Statute
 

 Defendant next contends that the Kansas Comparative Negligence Act, Kan.Stat.Ann. § 60-258a, applies to plaintiffs claim for implied indemnity. As such, defendant argues that unless plaintiff can show defendant was more at fault than plaintiff, plaintiff is not entitled to recover under its implied indemnity theory.
 

 Plaintiff argues otherwise. Plaintiff asserts that its indemnity claim is contractually based. It points out that the obligation of an agent to indemnify its principal arises out of an implied
 
 contract
 
 of indemnity between the parties. Thus, plaintiff argues, since its claim is based on an implied contract, comparative negligence principles do not apply. In support of its position, plaintiff refers to 42 C.J.S.
 
 Indemnity
 
 § 31 (1991), which provides that “implied contractual indemnity ... is claimable without reference to ... negligence since it is generally based on a contractual relationship ... rather than being founded upon a tort____”
 

 Plaintiff cites
 
 Haysville U.S.D. No. 261 v. GAF Corp.,
 
 233 Kan. 635, 666 P.2d 192, 199 (1983), in support of its contention
 
 *824
 
 that comparative fault principles do not apply to actions based on implied contractual indemnity. The court does not find
 
 Haysville
 
 persuasive under the facts of this case. While the plaintiff is correct that the
 
 Hays-ville
 
 court declined to apply comparative negligence principles to breach of warranty actions, the case fails to address the critical issue in the present case: to what extent is a principal’s fault relevant to implied contractual indemnity claims where the principal is held liable for the alleged negligence of its agent.
 

 Plaintiff also cites
 
 Weyerhaeuser Steamship Co. v. Nacirema Operating Co.,
 
 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958), for the proposition that theories of relative negligence are inapplicable to actions based on implied contractual indemnity. The court disagrees with plaintiffs interpretation of that case. The
 
 Weyerhaeuser
 
 Court merely “point[ed] out that in the area of contractual indemnity an application of the theories of ‘active’ or ‘passive’ as well as ‘primary’ or ‘secondary’ negligence is inappropriate.” This statement simply reaffirms the effect of a comparative negligence statute; the abrogation of the traditional all or nothing approach to assigning liability between joint tortfeasors. The
 
 Weyerhaeuser
 
 Court did not hold comparative fault principles are inapplicable to implied indemnification claims where the cause of the principal’s loss is the agent’s alleged negligence, which is the issue in this case. Furthermore, the
 
 Weyerhaeuser
 
 Court appears to recognize that in some cases, a principal’s negligence may be sufficient to preclude recovery from its agent.
 
 Id.
 
 at 567, 78 S.Ct. at 440-41.
 

 The court agrees that plaintiffs action is based on an implied contract of indemnity. This does not mean, however, that plaintiffs claim is one for breach of contract or that only contract principles necessarily apply. “An action on an implied contract of indemnity is wholly independent as a cause of action from the transaction or situation which gave rise to the right of indemnity.” Maurice T. Brunner, Annotation,
 
 What Statute of Limitations Covers Action for Indemnity,
 
 57 AL.R.3d 833, 839 (1974). It is not, therefore, the mere existence of an implied indemnity contract that determines whether tort or contract principles should apply, but the underlying cause of the principal’s loss. Accordingly, where a principal’s claim for implied contractual indemnity arises from its agent’s negligence, tort principles are properly applied to the underlying transaction.
 

 In Count I of its Complaint, plaintiff alleges the payments made by it in defense of Keim’s claims for costs, expenses, and attorneys’ fees and the amount paid for settlement of that case were “caused or contributed to be caused by” defendant’s negligence. Plaintiff expressly alleges that it was held vicariously liable for defendant’s negligence and makes no allegations of breach of contract. However, in its Supplemental Memorandum In Opposition To Defendant’s Motion For Partial Summary Judgment (Doc. 46), plaintiff construes its indemnity claim as arising from breach of an implied obligation of the underlying agency contract rather than from defendant’s negligence. Faced with this inconsistency, the court will decide the present issue on the basis of plaintiffs allegations of negligence and vicarious liability as set forth in its complaint.
 
 [1]
 

 In Kansas, an action for implied contractual indemnity arises where a principal is compelled to pay a third person for the negligent acts of its agent. 42 C.J.S.
 
 Indemnity
 
 §§ 31-32;
 
 see also Kennedy v. City of Sawyer,
 
 228 Kan. 439, 618 P.2d 788, 799-800 (1980) and
 
 Haysville,
 
 666 P.2d at 199. Where an implied contract for indemnity
 
 *825
 
 arises as a result of the agent’s negligence, considerations of the principal’s fault are appropriate. In
 
 Kennedy,
 
 the Kansas Supreme Court stated “[a] contract of indemnity may be implied when one is compelled to pay what another party ought to pay.” The court also stated an implied contract of indemnity may arise when “one
 
 personally without fault
 
 is made to pay for the tortious acts of another____” (emphasis added).
 
 Kennedy,
 
 618 P.2d at 799.
 

 Nearly identical language is used in other cases. In
 
 Haysville,
 
 for example, the Kansas court stated “a contract of indemnity may be implied when one is compelled to pay what another party ought to pay.” 666 P.2d at 199. Such implied or constructive liability usually arises, the court added, “when one personally, without fault, is made to pay for a tortious act of another.”
 
 Id.
 
 Significantly, even though these cases were decided after enactment of the Kansas Comparative Negligence Act, the Kansas court declined to apply comparative fault principles to implied contracts of indemnity arising from claims of vicarious liability. Kansas, like many other states, thus appears to have retained the traditional notion of implied indemnity which, by definition, arises when one personally without fault is made to pay for the tortious acts of another. A weighing of the relative fault of the parties, therefore, has no place in an action for implied contractual indemnity because the one seeking indemnity must be without fault.
 
 See Becker v. Buman,
 
 239 Kan. 342, 721 P.2d 246, 252 (1986) (action for indemnity is barred where “the judgment against the party seeking indemnity is based' upon the wrongdoing of that party”).
 
 See also Houdaille Indus., Inc. v. Edwards,
 
 374 So.2d 490, 492-93 (Fla.1979).
 

 The court finds that where, as in this case, vicarious liability gives rise to a claim for implied contractual indemnity, Kansas law requires the plaintiff to be faultless in order to recover; that is, plaintiffs liability must be solely derivative. Application of the comparative fault statute to these facts would render the claim for implied indemnity indistinguishable from a direct negligence action. The effect would be that a plaintiff could circumvent the two-year negligence statute of limitations, Kan.Stat.Ann. § 60-513, by bringing a negligence action under the guise of a claim for implied contractual indemnity. The court therefore denies defendant’s motion for partial summary judgment with respect to application of comparative fault principles.
 

 III. Application of Tort Statute of Limitations
 

 Defendant next maintains that pursuant to Kan.Stat.Ann. § 60-513(b), the statute of limitations has expired with respect to alleged negligent acts occurring ten years or more before the filing date of April 20, 1995. Defendant asks the court to rule as a matter of law that plaintiff is not entitled to any damages for alleged negligent statements or representations occurring at or near the time the June 1984 agreement was entered into. In support of its contention, defendant points out that the Kansas Supreme Court has stated “the plain language of [Kan.Stat.Ann. § 60-513] and applicable ease law require that after July 1, 1989, a negligence action must be brought -within ten years of the original wrongful act or the action is barred.”
 
 Dobson v. Larkin Homes, Inc.,
 
 251 Kan. 50, 832 P.2d 345 (1992).
 

 The court disagrees with defendant’s position that the tort statute of limitations, Kan.Stat.Ann.. § 60-513, applies to the present case. Plaintiffs claim is for implied contractual indemnity, not negligence.
 
 Haysville,
 
 666 P.2d at 199;
 
 Kennedy,
 
 618 P.2d at 799-800. As discussed in Part II above, an implied contractual indemnity action is wholly distinct from the underlying circumstances which gave rise to the right of indemnity. That the right to indemnity arose out of defendant’s negligence does not change the nature of the cause of action. As one commentator states, “although the right to indemnity may arise out of a tort, the action to enforce the right usually is not governed by the statute relating to the tort.” Brunner,
 
 supra,
 
 at 839;
 
 accord
 
 42 C.J.S.
 
 Indemnity
 
 § 58. Furthermore, while no Kansas ease has specifically addressed this issue, the clear weight of authority is consistent with the
 
 American Law Reports
 
 and the
 
 Corpus Juris Secundum. See, e.g., Stephenson v.
 
 
 *826
 

 Duriron Co.,
 
 292 F.Supp. 66 (S.D.Ohio 1968),
 
 ajfd,
 
 428 F.2d 387 (6th Cir.1970);
 
 Davidson Lumber Sales, Inc. v. Bonneville Investment, Inc.,
 
 794 P.2d 11, 19 (Utah 1990);
 
 Owings v. Rose,
 
 262 Or. 247, 497 P.2d 1183 (1972);
 
 Rieger v. Frankstram Realties, Inc.,
 
 68 N.Y.S.2d 243 (N.Y.Sup.Ct.1946). Accordingly, the court finds the applicable statute of limitations is found in Kan.Stat.Ann. § 60-512, and not in Kan.Stat.Ann. § 60-513. Defendant’s motion for partial summary judgment with respect to the application of Kan. StatAnn. § 60-513 is denied.
 

 IT IS THEREFORE BY THE COURT ORDERED that defendant’s Motion for Partial Summary Judgment (Doc. 35) is granted in part and denied in part. Summary judgment is granted with respect to plaintiffs claim for contribution and denied with respect to application of Kan.Stat.Ann. §§ 60-258a and 60-513(b).
 

 [1]
 

 . This decision is based on several reasons. First, plaintiff's allegations of breach of underlying contract are outside the scope of the pleadings.
 
 See
 
 Fed.R.Civ.P. 56(c). Second, plaintiff has not filed any amended pleadings. The third, and most important reason, is substantive. The court is not convinced that Kansas recognizes actions for implied contractual indemnity arising from breach of the underlying contract. The case cited by plaintiff,
 
 Hays v. Farm Bureau Mut. Ins. Co.,
 
 225 Kan. 205, 589 P.2d 579 (1979), does not concern implied contractual indemnity. While the
 
 Hays
 
 court does use the term “indemnity,” it is used loosely to refer to recovery by direct breach of contract action. Furthermore,
 
 Hays
 
 is distinguishable on its facts. Unlike the present case, where the insurer was liable based on its agents alleged misconduct, the insurer in
 
 Hays
 
 was liable solely because it was properly bound to a contract for insurance coverage.