(840 P.2d 542)

No. 67,323

PERRY SELLE, *Appellant*, v. THE BOEING COMPANY, INC., *Defendant*, and DONDLINGER & SONS CONSTRUCTION COMPANY, INC., *Appellee*.

Opinion filed October 30, 1992.

*Kiehl Rathbun*, of Wichita, for appellant.

*James A. Cline* and *Eldon L. Boisseau*, of Turner and Boisseau, Chartered, of Wichita, for appellee.

Before DAVIS, P.J., BRAZIL and RULON, JJ.

RULON, J.: Perry Selle, plaintiff, appeals the district court's grant of summary judgment to defendant Dondlinger and Sons Construction Company, Inc. The court concluded Dondlinger was Selle's statutory employer and that Selle was barred by the exclusive remedy provision of K.S.A. 44-501 *et seq.* from suing Dondlinger in negligence for his injuries. We agree and affirm.

The nub of this appeal is whether under K.S.A. 44-503(a) more than one employer in a contractor-subcontractor-employer pyramid may qualify as an injured worker's statutory employer and be immune from civil liability for the worker's damages.

Plaintiff filed an action alleging he was injured while working as an ironworker at a construction site owned by The Boeing Company. Boeing had previously contracted with defendant to erect a building. Defendant in turn contracted with Midwest Conveyor to perform the ironwork. Plaintiff was working for Midwest when he was injured. Plaintiff sought damages for his injuries, loss of income, pain, and anguish.

Defendant and Boeing both alleged in their answers as affirmative defenses that plaintiff's claims were barred by the exclusive remedy provisions of K.S.A. 44-501 *et seq.* The district court concluded Boeing was a statutory employer pursuant to K.S.A. 44-503(a), and therefore plaintiff's claims against Boeing were barred by the exclusive remedy provision of the Workers Compensation Act. When defendant later moved for summary judgment, the district court concluded that plaintiff was also a statutory employee of defendant.

Before us, plaintiff agrees that Boeing is his statutory employer. He claims, however, that defendant cannot also be his statutory employer because the Kansas Workers Compensation Act does not permit an employee to have multiple statutory employers. Plaintiff essentially argues the purpose of the Act is to designate the entity at the top of the employer pyramid as liable and not to create a shield from liability for the other contractors and subcontractors in the pyramid. Plaintiff thus argues defendant is not the employer contemplated under K.S.A. 44-503(a).

Our standard of review in this instance has been often stated:

"Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' [Citation omitted.] To defeat a properly supported motion for summary judgment, the nonmovant must come forward with 'specific facts showing that there is a genuine issue for trial.' [Citation omitted.]" *Mark Twain Kansas City Bank v. Kroh Bros. Dev. Co.,* 250 Kan. 754, 762, 829 P.2d 907 (1992).

We are satisfied this case is ripe for summary judgment.

The pertinent portion of K.S.A. 44-503(a) reads as follows:

"Where any person (in this section referred to as principal) undertakes to execute any work which is a part of his trade or business or which he has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under the workmen's compensation act which he would have been liable to pay if that workman had been immediately employed by him."

Clearly, if an employer qualifies as a statutory employer under the above statute, that employer is liable to the injured worker

for workers compensation benefits if the worker's immediate employer does not pay and even though the statutory employer does not directly employ the worker.

This court recently said:

"The purpose of K.S.A. 44-503(a) is set forth in *Hoffman v. Cudahy Packing Co.,* 161 Kan. 345, 167 P.2d 613 (1946):

" 'A prime purpose of section 44-503 of the workmen's compensation act is to give to employees of a contractor who has undertaken to do work which is a part of the trade or business of the principal, such remedy against the principal as would have been available if they had been employed directly by the principal, and to prevent employers from evading liability under the act by the device of contracting with outsiders to do work which they have undertaken to do as a part of their trade or business.' 161 Kan. 345, Syl. ¶ 4." *Rodriquez v. John Russell Constr.,* 16 Kan. App. 2d 269, 273, 826 P.2d 515 (1991).

Furthermore, if an employer is a statutory employer, the injured worker cannot sue this employer in negligence for damages. *Woods v. Cessna Aircraft Co.,* 220 Kan. 479, 482, 553 P.2d 900 (1976); K.S.A. 1991 Supp. 44-501(b).

When construing the Workers Compensation Act, we note the legislature intends the Act to "be liberally construed for the purpose of bringing employers and employees within the provisions of the act to provide the protections of the workers compensation act to both. The provisions of the workers compensation act shall be applied impartially to both employers and employees in cases arising thereunder." K.S.A. 1991 Supp. 44-501(g). "The provisions of the Workmen's Compensation Act are to be liberally construed to bring workers under the act whether or not it is desirable for the specific individual's circumstances." *Mays v. Ciba-Geigy Corp.,* 233 Kan. 38, 65, 661 P.2d 348 (1983). "[T]he Workers Compensation Act is to be liberally construed to allow coverage whether invoked by the worker or statutory employer." *Rodriquez,* 16 Kan. App. 2d at 271.

The issue of whether an injured worker may have more than one statutory employer in an employment pyramid has never been directly addressed by Kansas appellate courts. However, existing case law and the rationale behind the workers compensation scheme support the conclusion that if an employer qualifies as a statutory employer under K.S.A. 44-503(a), the employer should receive the benefit of the exclusive remedy provisions of

the Act. The employer should receive this protection regardless of whether another employer is also a statutory employer.

"It is well settled that if a workman can recover workmen's compensation under the Workmen's Compensation Act for an injury the remedy is exclusive, and he cannot maintain a common-law action for damages founded upon negligence against a party from whom he *could have* recovered compensation under the Act. (*Anderson v. Beardmore*, 210 Kan. 343, 345, 502 P.2d 799; *Hanna v. CRA, Inc.*, 196 Kan. 156, 158, 409 P.2d 786; *Lessley v. Kansas Power & Light Co.*, 171 Kan. 197, 203, 231 P.2d 239, and authorities cited therein.)" *Woods*, 220 Kan. at 482. (Emphasis added.)

See *Rodriquez*, 16 Kan. App. 2d at 272. Plaintiff does not challenge defendant's qualification as a statutory employer under K.S.A. 44-503(a) or that he *could have* obtained compensation from defendant for his injuries if his immediate employer did not provide compensation.

The rationale of workers compensation legislation is to provide injured workers with a recovery free of the uncertainty of common-law actions in negligence. In return for more expeditious and certain recovery by workers, employers acquire liability which is limited and determinate. See 82 Am. Jur. 2d, Workmen's Compensation § 5. As the Louisiana Court of Appeal reasoned in determining that a general contractor was a statutory employer protected from a negligence action, "[l]iability for worker's compensation benefits must go hand-in-hand with immunity from tort liability in order for the purpose of the worker's compensation law to be fulfilled." *Crochet v. Westminster City Center Prop.*, 572 So. 2d 720, 723 (La. App. 1990).

Affirmed.