**Barney DIXON, Plaintiff,**

v.

**CERTAINTEED CORPORATION and Precision Constructors, Inc., Defendants and Third–Party Plaintiffs,**

**and**

**INSURANCE SOLUTIONS, INC. and Brookville Insurance Agency, Inc., Defendants,**

v.

**HENRY F. TEICHMANN, INC., Third–Party Defendant.**

Civil Action No. 94–2310–GTV.

United States District Court, D. Kansas.

Oct. 8, 1996.

Paul E. Serrano, Jr., Robert L. Dameron, Blake & Uhlig, P.A., Kansas City, KS, Henri J. Watson, Russell S. Dameron, Watson & Dameron, and Brett A. Davis, Larson & Larson, P.C., Kansas City, MO, for Barney Dixon.

Roger W. Warren, Kathryn A. Regier, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, Brett A. Davis, Larson & Larson, P.C., Kansas City, MO, for the Certainteed Corporation.

Bernard T. Schmitt, Harris, McCausland & Schmitt, P.C., Kansas City, MO, for Precision Constructors, Inc.

Jack L. Fortini, Fortini & Magruder, Kansas City, MO, David E. Larson, Westwood, KS, Brett A. Davis, Larson & Larson, P.C., Kansas City, MO, for Insurance Solutions.

David E. Larson, Westwood and Brett A. Davis, Larson & Larson, P.C., Kansas City, MO, for Brookville Insurance Agency, Inc.

Joseph M. Backer, Kurlbaum, Stoll, Seaman, Reefer, Suter & Mustoe, P.C., and Thomas R. Buchanan, McDowell, Rice, Smith & Gaar, Kansas City, MO, for Henry F. Teichmann, Inc.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case comes before the court on the following motions:

Defendant and Third–Party Plaintiff CertainTeed Corporation's ("CertainTeed") motion for summary judgment (Doc. 129) on its claims against Third–Party Defendant Henry F. Teichmann, Inc. ("Teichmann");

Third–Party Defendant Teichmann's cross-motion for summary judgment (Doc. 132) on Third–Party Plaintiff CertainTeed's claims against it; and

Third–Party Defendant Teichmann's motion for summary judgment (Doc. 134) on Third–Party Plaintiff Precision Constructors, Inc.,'s ("Precision") claims against it.

For the reasons set forth below, CertainTeed's motion is granted in part and denied in part, and Teichmann's motions against CertainTeed and Precision are denied.

## I. BACKGROUND

Plaintiff, Barney Dixon ("Dixon"), brought this negligence action against defendants CertainTeed, Precision, Insurance Solutions, Inc. ("Solutions"), and Brookville Insurance Agency, Inc. ("Brookville"). Dixon claims that he leaned on a negligently maintained guard rail located on the mezzanine level of a large furnace at CertainTeed's plant that gave way, causing him to fall 10–15 feet to the ground. Dixon alleges that he suffered permanent injuries as a result of this fall. Dixon alleges that at the time of his accident, Teichmann was his employer. At the time of the injury Teichmann was an independent contractor performing work for CertainTeed, and Dixon was working for Teichmann on CertainTeed's premises. Precision was the construction manager responsible for coordinating Teichmann's activities at CertainTeed's facility.

CertainTeed and Precision impleaded Teichmann as a third-party defendant. In its third-party complaint, CertainTeed alleges that Teichmann breached the construction services contract ("construction contract") between CertainTeed and Teichmann, and that Teichmann must defend and indemnify

CertainTeed in this action brought by Dixon. Precision alleges in its third-party complaint against Teichmann that the indemnification clause in the construction contract between CertainTeed and Teichmann also requires Teichmann to defend and indemnify Precision in this lawsuit.

## II. LEGAL STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must examine the factual record and reasonable inferences therefrom in a light most favorable to the party opposing summary judgment. *Applied Genetics Int'l Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990).

The moving party has the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party meets this burden, the burden shifts to the non-moving party to identify specific facts that show the existence of a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

The legal standard does not change if the parties have filed cross-motions for summary judgment. Each party has the burden of establishing the lack of a genuine issue of material fact that would entitle it to judgment as a matter of law. *Rains v. Cascade Indus., Inc.,* 402 F.2d 241, 245 (3d Cir.1968). The court will not automatically decide the case at the summary judgment stage merely because the parties have filed cross-motions for summary judgment. *Id.*

## III. UNCONTROVERTED FACTS

The following facts from the parties' cross-motions for summary judgment are uncontroverted, or if controverted, are construed in a light most favorable to the nonmoving party. *First Affiliated,* 912 F.2d at 1241.

Teichmann is a construction contractor that specializes in rebuilding glass furnaces. CertainTeed is a manufacturer of fiberglass insulation that utilizes glass furnaces in its manufacturing process. In May 1994, Teichmann entered into a contract with Certain-Teed to complete a construction project at CertainTeed's manufacturing plant. Teichmann enters into between ten and fifteen of these type of construction contracts each year.

CertainTeed contracted with Precision to be the construction manager for the construction project at CertainTeed's facility. Precision was responsible for coordinating and directing the activities of all contractors, including Teichmann, on the construction project.

The construction contract between CertainTeed and Teichmann contained five indemnification clauses. Two of those clauses are relevant to the parties' current motions. Article 10 is the construction contract's general indemnification provision, and it requires Teichmann to hold harmless CertainTeed and its agents from any claims or losses arising out of Teichmann's work at Certain-Teed's facility regardless of whether Certain-Teed's negligence caused those losses or claims. Article 5.10 is the "Health and Safety" clause of the contract, and it requires Teichmann to take all necessary precautions not to jeopardize the health and/or safety of personnel or property involved in the construction project at CertainTeed's facility. This section also requires Teichmann to indemnify CertainTeed in the event that Teichmann violates the section's requirements and causes CertainTeed a loss.

Barney Dixon, a Teichmann laborer, sustained injuries in a fall from a platform at CertainTeed's facility. Dixon brought this action to recover for those injuries. He claims that his injuries are the result of the negligence of CertainTeed and Precision in

failing to exercise reasonable care in keeping CertainTeed's premises in a reasonably safe condition.

## IV. CERTAINTEED'S MOTION FOR SUMMARY JUDGMENT

■ The court first must determine which state's substantive law governs. In a diversity of citizenship action such as this, the court must apply the choice-of-law rules of the state in which it sits, *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941), including the rules on whether a "contractual choice-of-law provision is enforceable." *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1360 (10th Cir.1990). Federal courts in Kansas routinely enforce the parties' contractual choice-of-law provisions under Kansas choice-of-law rules. *Id.* Section 20.12 of the parties' construction contract provides that the law of the state where the "project" is located shall govern. The "project" was the construction work that Teichmann performed at CertainTeed's facility, which is located in Kansas. The court concludes that Kansas contract law governs.

### A. CertainTeed's Claim for Breach of Contract

CertainTeed claims that Teichmann breached the construction contract by failing to secure the insurance required under the contract. Specifically, CertainTeed alleges that Teichmann did not obtain an endorsement to Teichmann's general commercial liability policy for the construction project naming CertainTeed as an additional insured. The court disagrees.

The court previously addressed this issue in the related action of *CertainTeed v. Employers Insurance of Wausau*, 939 F.Supp. 826 (D.Kan.1996). In that declaratory judgment action, CertainTeed sought the court's determination that CertainTeed was an additional insured entitled to insurance coverage under Teichmann's general commercial liability insurance policy. In its order of September 6, 1996, the court granted CertainTeed's motion for summary judgment. The court held that CertainTeed was an additional insured under Teichmann's insurance policy

with Wausau. Consequently, the court concluded that Wausau had a duty to defend and indemnify CertainTeed in this action.

The court concludes that its order of September 6, 1996, controls the disposition of CertainTeed's breach of contract claim against Teichmann. Based on the court's previous ruling that CertainTeed is an additional insured under Teichmann's insurance policy, the court denies as moot CertainTeed's motion for summary judgment on this issue.

### B. CertainTeed's Claim for Indemnification

As noted above, the construction contract between CertainTeed and Teichman contains five separate indemnification clauses. However, Teichmann suggests that the court need focus on only two of the indemnification provisions. Teichmann argues that there is a conflict created between those two provisions regarding the scope of its obligation to indemnify CertainTeed. CertainTeed contends that the indemnification provisions in the construction contract are not in conflict and that they establish Teichmann's duty to indemnify CertainTeed in this action, even if CertainTeed incurs liability based on its own negligence.

■ The court's initial inquiry focuses on whether the indemnification provisions in the construction contract are ambiguous. *Missouri Pacific R.R. Co. v. Kansas Gas & Elec. Co.*, 862 F.2d 796, 799 (10th Cir.1988) (citing *McBride Elec., Inc. v. Putt's Tuff, Inc.*, 9 Kan.App.2d 548, 685 P.2d 316, 321 (1984)). If the court can ascertain the intent of the parties "by construing the document from its four corners," the contract is unambiguous, "and rules of construction applicable to ambiguous contracts do not apply." *Brown v. Lang*, 234 Kan. 610, 675 P.2d 842, 846 (1984). This inquiry involves a matter of law to be decided by the court. *Fountain v. Se–Kan Asphalt Servs., Inc.*, 17 Kan.App.2d 323, 837 P.2d 835, 839 (1992).

Article 10 is the construction contract's general indemnification provision. It provides:

To the fullest extent permitted by law, [Teichmann] agrees to indemnify, defend,

and hold harmless Owner [CertainTeed], its affiliates, and their respective directors, officers, employees and agents (the "Indemnified Parties"), from and against all claims, demands, causes of action, losses, costs and expenses ... arising out of or incident to the performance of the Work or the presence of [Teichmann] ... on the premises of [CertainTeed] ... provided that such Losses are attributable to bodily injury, sickness, disease or death ... regardless of whether or not such Losses were caused in part by the negligence or other fault of an Indemnified Party hereunder, and provided further that [Teichmann] shall not be liable for Losses caused by the sole negligence of the Indemnified Parties....

Article 5.10 is the other indemnification provision at issue. Under the heading "Health and Safety," this provision provides that:

[Teichmann] shall take all necessary precautions required in order not to jeopardize the health and/or safety of [Teichmann's] personnel or property, [CertainTeed's] or other contractors' personnel or property, or members of the general public or their property. [Teichmann] and its subcontractor shall perform the Work in accordance with all applicable laws, ordinances, rules, regulations, and orders, of any public authority.... [Teichmann] further agrees to indemnify, defend, and hold [Certain-Teed] ... harmless from and against all claims, demands, causes of action, losses ... costs and expenses ... arising out of or incident to [Teichmann's] or any Subcontractor's failure to perform the Work, or any part thereof, in accordance with the requirements of this section.

Teichmann argues that the two indemnification provisions of the construction contract are in conflict because Article 10 requires indemnification for CertainTeed's negligence and Article 5.10 is silent on that point. Based on the perceived conflict, Teichmann contends that the indemnification clauses are ambiguous and that it is under no duty to indemnify CertainTeed for CertainTeed's own acts of negligence.

■ The court concludes that the indemnification provisions in the construction contract are not ambiguous. The fact that Article 5.10 omits the requirement for indemnification for CertainTeed's negligence does not render the contract ambiguous. "Ambiguity does not arise from total omission. It arises when application of pertinent rules of interpretation to an instrument as a whole fails to make certain which one of two or more meanings is conveyed by the words employed by the parties." *Wood v. Hatcher,* 199 Kan. 238, 242, 428 P.2d 799, 803 (1967). (Citations omitted.) The meaning conveyed by these two unrelated sections of the contract is clear to the court—that Teichmann was to indemnify CertainTeed for its own negligence, so long as the loss was not caused by the sole negligence of CertainTeed.

■ CertainTeed contends that Article 10 of the construction contract establishes its right to indemnification from Teichmann for any loss that CertainTeed might suffer in this action, even if that loss is occasioned by CertainTeed's own negligence. Under Kansas law, a party, by contract, may undertake responsibility for another party's negligence. *Johnson v. Board of County Comm'rs of Pratt County,* 259 Kan. 305, 913 P.2d 119, 136 (1996). However, an indemnification clause that shifts liability for one party's negligence to another party "is subject to strict construction and will not be enforced unless the protection from liability is expressed in clear and unequivocal terms." *Id.* (citing *Zenda Grain & Supply Co. v. Farmland Industries, Inc.,* 20 Kan.App.2d 728, 894 P.2d 881 (1995)). In construing the indemnification provisions, the court " 'must consider not only the language of the contract, but the facts and surrounding circumstances under which the contract was made....' " *Bartlett v. Davis Corp.,* 219 Kan. 148, 547 P.2d 800, 807 (1976) (quoting 41 Am.Jur.2d., Indemnity, § 13). Construction of an unambiguous contract is a judicial function. *See Hall v. Mullen,* 234 Kan. 1031, 678 P.2d 169, 174 (1984); *Southwest Nat'l Bank v. Simpson and Son, Inc.,* 14 Kan.App.2d 763, 799 P.2d 512, 517 (1990).

As the court previously noted, Article 10 of the construction contract required Teichmann to hold harmless CertainTeed "against all claims, ... [and] losses ... arising out of or incident to" Teichmann's work "regardless of whether or not such Losses were caused in part by the negligence" of CertainTeed. The court considers this language to clearly express the intent of the parties that CertainTeed was to be indemnified for its own negligence.

In a case involving an indemnification clause with less direct language than that used here, a Kansas court found the indemnitor liable. In *Bartlett*, the indemnification agreement contained no language regarding the indemnitor's liability for the indemnitee's negligent acts. 547 P.2d at 807. The Kansas Supreme Court held that an indemnification clause that required the indemnitor to hold the indemnitee harmless for any claims arising out of the indemnitor's occupancy of the indemnitee's land was sufficient to exculpate the indemnitee for its own negligent acts. *Id.* at 810 ("To hold otherwise would, as a practical matter, render the indemnity provisions of no effect at all which obviously was not the intent of the contracting parties.") The court's research has not found a single Kansas case where the court failed to find that the terms "negligence" or "negligent acts" in an indemnification agreement were clear or unequivocal. *See, e.g., Corral v. Rollins Protective Servs. Co.*, 240 Kan. 678, 732 P.2d 1260 (1987) (court found that indemnification agreement that expressly exempted the indemnitee from liability for its own negligence was clear and unequivocal); *Talley v. Skelly Oil Co.*, 199 Kan. 767, 433 P.2d 425 (1967) (court upheld indemnification agreement whereby lessee agreed to hold harmless lessor for lessor's own negligent acts); *Zenda Grain & Supply Co. v. Farmland Indus., Inc.*, 20 Kan.App.2d 728, 894 P.2d 881 (1995) (court noted in dicta that express language in indemnification agreement exculpating indemnitee from its own acts of negligence is clear and unequivocal).

Additionally, the court notes that CertainTeed and Teichmann are two multifarious corporations that acted through accomplished negotiators to reach agreement on the indemnification provisions at issue. Both parties are experienced in dealing with construction projects involving considerable sums of money. Consequently, there is no indication that either party was a "neophyte[ ] or babe[ ] in the brambles of the business world." *Kansas City Structural Steel Co. v. L.G. Barcus & Sons, Inc.*, 217 Kan. 88, 95, 535 P.2d 419 (1975). The court finds that Teichmann is required under the terms of the indemnification agreement to indemnify CertainTeed for liability that arises from Teichmann's work on the construction project, even if that liability results from CertainTeed's own acts of negligence.

Teichmann asserts that even if it must indemnify CertainTeed for its own acts of negligence, Dixon's injuries in this action did not "arise out of" Teichmann's work on the project. Relying on the allegations in Dixon's complaint, Teichmann maintains that a negligently maintained guard rail on the mezzanine level of a large furnace at CertainTeed's facility caused Dixon's injuries, and not Teichmann's work on the construction project. The crux of Teichmann's argument is that its actions were not the proximate cause of Dixon's injuries.

It appears to the court that Teichmann ignores Kansas precedent in structuring its argument. Under Kansas law, "the phrase 'arising out of' ... imparts a more liberal concept of causation than 'proximate cause.'" *Pestock v. State Farm Automobile Ins. Co.*, 9 Kan.App.2d 188, 674 P.2d 1062, 1064 (1984); *see also, McIntosh v. Scottsdale Ins. Co.*, 992 F.2d 251 (10th Cir.1993) (court held that "arising out of" language in insurance contract did not require strict proximate causation test). The court concludes that the requisite causal connection exists between Dixon's injuries and Teichmann's work on the construction project. Dixon was Teichmann's employee, and he was performing work on the construction project, pursuant to Teichmann's direction, at the time of his accident. The court finds that Dixon's cause of action arose out of Teichmann's work at CertainTeed's facility.

Teichmann also argues that even if the construction contract requires indemnifi-

cation for CertainTeed's own acts of negligence, Article 10 excludes indemnification in this action. Teichmann premises this argument on its contention that Dixon's injuries are the result of CertainTeed's sole negligence. Under Article 10's indemnification language, Teichmann would not be liable for damages that CertainTeed sustains arising from CertainTeed's sole negligence.

In his second amended complaint, Dixon names CertainTeed and Precision as defendants. CertainTeed engaged the services of Precision to coordinate the work of the contractors on the construction project. Dixon claims that both CertainTeed and Precision were negligent in keeping the premises in a reasonably safe condition. Thus, Dixon's complaint alleges that it was not the sole negligence of CertainTeed, but the negligent actions of multiple parties that caused his injuries.

■ Teichmann further contends that indemnification is improper because the Kansas comparative negligence statute, K.S.A. 60–258a, mandates that CertainTeed could be liable only for its sole negligence in this action. This argument appears to ignore the decision of the Kansas Court of Appeals in *Bryant v. All Temperature Insulation, Inc.,* 22 Kan.App.2d 387, 916 P.2d 1294 (1996). In *Bryant,* the court found that apportioning fault to more than one party does not allow a party to "escape its contractual obligation of reimbursement" under a sole negligence provision in an indemnification agreement. 916 P.2d at 1299.

Teichmann is liable under the indemnification clause of the construction contract to indemnify CertainTeed in this action. Teichmann must indemnify CertainTeed for any liability that CertainTeed incurs that is not the result of CertainTeed's sole negligence. The court concludes that CertainTeed is entitled to summary judgment on the issue of Teichmann's duty to defend and indemnify CertainTeed.

1. The court notes that under Kansas law, evidence that must be clear and convincing in nature is not a "quantum of proof, but rather a

## V. TEICHMANN'S MOTION FOR SUMMARY JUDGMENT AGAINST PRECISION

Teichmann contends that it is entitled to summary judgment against Precision's third-party claim. Teichmann argues that the indemnification clause of the construction contract between it and CertainTeed does not inure to the benefit of Precision.

■ Precision asserts that it is covered by the indemnification provisions of the construction contract as a third-party beneficiary to the contract. Under the terms of the indemnification agreement, Teichmann agreed to indemnify CertainTeed or its agents against all claims or losses arising out of the project. Precision maintains that it was CertainTeed's agent on the construction project, and, thus, is entitled to indemnification from Teichmann in this action.

■ In *Barbara Oil Co. v. Kansas Gas Supply Corp.,* 250 Kan. 438, 827 P.2d 24 (1992), the Kansas Supreme Court defined an agency as:

a contract, either express or implied, by which one of the parties confides to the other the management of some business to be transacted in the party's name, or on the party's account, and by which that other assumes to do the business and to render an account of it.

*Id.,* 827 P.2d at 31. If CertainTeed expressly delegated authority for Precision to manage the construction project at CertainTeed's facility, an express agency exists. The question of what constitutes an agency is a question of law for the court. *Id.* Precision must establish the existence of the agency by evidence that is "clear and convincing in nature." [1] *Id.* at 32.

■ It is uncontroverted that Precision and CertainTeed executed an agreement whereby Precision was to function as construction manager for the construction project at CertainTeed's facility. Under the express terms of the construction management agreement, Precision contractually agreed:

quality of proof." *Barbara Oil Co.,* 827 P.2d at 32.

A. Jobsite Preparation.

1. It shall be the responsibility of the [construction manager] to make all arrangements for preparation of the jobsite, ready for construction activity....

B. Contractor Coordination.

1. It shall be the responsibility of the [construction manager] to coordinate and direct all contractors for the designated project and all activities....

Essentially, Precision was responsible for coordinating and directing the activities of all contractors on the construction project, including Teichmann.

The court holds that the construction management contract between CertainTeed and Precision created an express agency relationship for Precision to act on Certain-Teed's behalf during the construction project. In fact, Teichmann maintains that there is no real dispute regarding the nature of the relationship. The only issue that Teichmann disputes is whether Precision qualifies for indemnification under the construction contract. Thus, the court may decide this issue as a matter of law. *See Professional Lens Plan, Inc. v. Polaris Leasing Corp.*, 238 Kan. 384, 390, 710 P.2d 1297 (1985).

As the court previously noted, the construction contract is unambiguous regarding Teichmann's duty to indemnify. Article 10 of the contract requires Teichmann to indemnify CertainTeed or its agents for any claims or losses arising out of Teichmann's operations at CertainTeed's facility during the construction project. The clear and unequivocal language of this section indicates the parties' intention for Teichmann to indemnify not only CertainTeed, but also CertainTeed's agents. Additionally, the language in this section unequivocally establishes Teichmann's duty to indemnify an agent for the agent's own acts of negligence, but not losses occasioned by its sole negligence.

The court holds that Teichmann is liable for damages assessed against Precision in this action that are not the result of Precision's sole negligence. The court concludes that, as a matter of law, Precision is entitled to indemnification from Teichmann.

IT IS, THEREFORE, BY THE COURT ORDERED that CertainTeed's motion (Doc. 129) for summary judgment on its third-party claim against Henry F. Teichmann, Inc., for breach of contract is denied as moot.

IT IS FURTHER ORDERED that CertainTeed's motion (Doc. 129) for summary judgment on its third-party claim for indemnification against Teichmann is granted.

IT IS FURTHER ORDERED that Teichmann's motion (Doc. 132) for summary judgment on the claims against it by third-party plaintiff CertainTeed is denied.

IT IS FURTHER ORDERED that Teichmann's motion (Doc. 134) for summary judgment against Precision is denied.

**IT IS SO ORDERED.**