Brady KISER, Plaintiff,

v.

BUILDING ERECTION SERVICES,
INC. and Michael Day Wimmer,
Defendants,

v.

HARRIS CONSTRUCTION COMPANY,
INC., Third–Party Defendant.

No. 96–2134–JWL.

United States District Court,
D. Kansas.

July 9, 1997.

Richard I. Buchli, II, Armitage & Buchli, P.C., Kansas City, MO, Laura Duchardt, Kansas City, MO, for Brady Kiser.

Paul C. Gurney, Gurney & Wohlford, Overland Park, KS, for Building Erection Services Co., Inc.

Harold E. Pierce, Michael W. Wharton, Couch, Strausbaugh, Pierce & King, Chtd., Overland Park, KS, for Harris Const. Co., Inc.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. BACKGROUND.[1]

Plaintiff Brady Kiser was employed as an iron worker for W.W. Contractors. W.W. Contractors entered into a subcontract with a general contractor, Harris Construction Company (Harris), to perform steel erection in the construction of a Hy–Vee grocery store in Mission, Kansas. Harris' building projects require the use and erection of structural steel to form the support framework around which the rest of the building is constructed. Harris employees had performed this kind of steel work in the past, and they would have done the steel work on the Hy–Vee store, if such work had not been subcontracted out. On March 11, 1992, Harris leased a Galion crane and a crane operator from Building Erection Services (BES).

On March 12, 1992, Mr. Kiser was standing on a steel girder, which was bolted at one

---

1. The following facts are uncontroverted or viewed in the light most favorable to the non-moving party.

end to a steel column and elevated by the crane's cable. The crane was positioning the girder to enable Mr. Kiser to make a connection with a second column. As the crane was positioning the girder, Mr. Kiser's hand was caught in a pinch point between the girder and the column. He suffered multiple fractured bones and soft tissue injuries in his left hand.

After receiving benefits from a workers' compensation claim against W.W. Contractors, Mr. Kiser brought this negligence action against BES and the crane operator, Mr. Michael Day Wimmer. Mr. Kiser contends that BES failed to properly and safely maintain the crane it provided to the job site in question and that the crane had an internal leak, which created slack in the line. Mr. Kiser also claims (1) that BES and Mr. Wimmer failed to warn him and others that the crane was defective and (2) that Mr. Wimmer negligently operated the crane, which contributed to the accident.

BES and Mr. Wimmer deny that they were negligent. Mr. Wimmer contends that, pursuant to the lease agreement, he was an employee of Harris and, therefore, Mr. Kiser's claims against him are barred by the Workers' Compensation Act, which precludes Mr. Kiser from filing a claim against a fellow employee where workers' compensation benefits are recovered. BES claims that Mr. Kiser fails to state a claim upon which relief can be granted because pursuant to the terms of the lease agreement, the crane was under the exclusive jurisdiction and control of Harris. Both BES and Mr. Wimmer also assert that Mr. Kiser, Harris, W.W. Contractors, and Joe Conroy Contractors [2] were all negligent and that this negligence contributed to the accident.

In response to the plaintiff's claim against BES, BES filed a claim against Third Party Defendant Harris to enforce an indemnification provision contained in the crane's lease agreement. Under the terms of the lease agreement, Harris agreed to indemnify and hold harmless BES and its employees from all claims. Nevertheless, Harris denies it has any obligation to defend and indemnify

BES on the grounds that the indemnity language states that Harris is not obliged to defend and indemnify BES for BES' "sole negligence." Harris claims that Mr. Kiser's injuries are the result of BES' "sole negligence," which bars the indemnity claim.

Mr. Wimmer moves for summary judgment on Mr. Kiser's claim against him based on the Workers' Compensation Act. BES requests summary judgment, contending that Mr. Kiser fails to state a claim upon which relief can be granted. Both BES and Harris move for summary judgment on the issue of indemnification.

## II. SUMMARY JUDGMENT STANDARD.

When considering a motion for summary judgment, the court must examine all of the evidence in the light most favorable to the nonmoving party. *Jones v. Unisys Corp.*, 54 F.3d 624, 628 (10th Cir.1995). A moving party that also bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.Pro. 56(c); *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 536 (10th Cir.1995). If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The non-movant may not merely rest on the pleadings to meet this burden. *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511. Summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive deter-

---

**2.** Joe Conroy Contractors erected the pier which held the steel column that was attached to the girder upon which Mr. Kiser was standing.

mination of every action." *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555 (quoting Fed.R.Civ. Pro. 1).

### III. CHOICE OF LAW.

A federal court sitting in diversity applies the choice of law provisions of the forum state. 475342 *Alberta, Ltd., v. Starfire*, No. 95–2083–GTV, 1996 WL 370221 at \*2 (D.Kan. June 19, 1996) (citing *Missouri Pacific R.R. Co. v. Kansas Gas & Elec. Co.*, 862 F.2d 796, 798 n. 1 (10th Cir.1988)). With respect to the tort claims, Kansas follows the rule of *lex loci delicti*, which means the law of the place of the wrong controls. *Ling v. Jan's Liquors*, 237 Kan. 629, 634, 703 P.2d 731 (1985). Because the wrong in this case occurred in Kansas, Kansas tort law applies to the negligence claims in this case. *Id.* With respect to the contract claims in this case, all of the parties agree that Kansas law governs pursuant to the terms of the lease agreement.

### IV. DEFENDANT WIMMER'S MOTION FOR SUMMARY JUDGMENT AGAINST KISER.

Mr. Wimmer asserts that the Kansas Workers' Compensation Act, K.S.A. § 44–501 *et. seq.*, precludes Mr. Kiser from filing a claim against Mr. Wimmer. K.S.A. § 44–501(b) provides:

> Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under the workers compensation act. . . .

This section, commonly known as the exclusive remedy provision, precludes workers who can recover under the act from bringing a common law negligence action against an employer or fellow employee. *See Zehring v. Wickham*, 232 Kan. 704, 706, 658 P.2d 1004 (1983); *McCleskey v. Noble*, 2 Kan.App.2d 240, 242, 577 P.2d 830 (1978).

The exclusive remedy provision of the Workers' Compensation Act also applies to situations involving contractors and subcontractors. K.S.A. § 44–503(a) provides:

> Where any person (in this section referred to as the principal) undertakes to execute any work which is a part of the principal's trade or business or which the principal

has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay any worker employed in the execution of the work any compensation under the workers compensation act which the principal would have been liable to pay if that worker had been immediately employed by the principal. . . .

Section 44–503(a) expands the act to include entities which are not the immediate employer of the injured worker. *See e.g., Zehring*, 232 Kan. at 706, 658 P.2d 1004.

Kansas courts have developed two tests to determine if the work of an independent contractor and an injured employee is part of the principal's trade or business: (1) is the work necessarily inherent in and an integral part of the principal's trade or business? and (2) is the work such that it would ordinarily have been done by the employees of the principal? *Hanna v. CRA, Inc.*, 196 Kan. 156, 159, 409 P.2d 786 (1966). If there is an affirmative answer to either of the foregoing questions, then the principal becomes the statutory employer of the injured employee, and the injured employee's exclusive remedy is under the Workers' Compensation Act. *Id.* at 159, 409 P.2d 786. If there is any doubt, the provisions of the Workers' Compensation Act should be liberally construed to bring workers under the Act, whether or not it is desirable for a specific individual's circumstances. *See Zehring*, 232 Kan. at 709, 658 P.2d 1004; *Selle v. Boeing Company, Inc.*, 17 Kan.App.2d 543, 545, 840 P.2d 542 (1993).

For Mr. Kiser's negligence claim against Mr. Wimmer to be barred by the Workers' Compensation Act, Mr. Kiser must be a statutory employee of Harris under K.S.A. § 44–503 and Mr. Wimmer must be an employee of Harris.

### A. Harris is the Statutory Employer of Kiser.

The issue here is whether the work performed by Mr. Kiser was inherent in or an integral part of Harris' trade or business

or, alternatively, whether the work would have ordinarily been done by Harris. Based on the discussion below, the court concludes that the work performed by Mr. Kiser meets both tests from *Hanna* and that Harris is Mr. Kiser's statutory employer pursuant to K.S.A. § 44–503(a).

In *Zehring v. Wickham,* 232 Kan. 704, 658 P.2d 1004 (1983), the Kansas Supreme Court examined a builder and subcontractor relationship similar to that of Harris, Mr. Kiser and W.W. Contractors. Wickham contracted with Zehring's employer, an electrical contractor, to perform the electrical work on the building. *Id.* at 705, 658 P.2d 1004. Zehring was injured while working on Wickham's construction project, which was an integral addition to Wickham's existing building. *Id.* at 705, 658 P.2d 1004. Although Wickham was not a general contractor or normally in the business of constructing buildings, Wickham had constructed buildings in the past. *Id.* at 709, 658 P.2d 1004. The Kansas Supreme Court concluded that Wickham was the statutory employer of Zehring because constructing the building was part of Wickham's overall operation and, as a result, the first *Hanna* test was met. *Id.* (citing *Fugit v. United Beechcraft, Inc.,* 222 Kan. 312, 315, 564 P.2d 521 (1977)).

In this case, Harris' overall operation was the construction of buildings that require the use of a steel infrastructure. Mr. Kiser was part of that overall operation because he worked on the erection of the steel infrastructure for the Hy–Vee store. Thus, applying the *Zehring* reasoning to this case, the court concludes that Mr. Kiser is a statutory employee of Harris under the first *Hanna* test. *Id.*

Mr. Kiser's work also satisfies the second part of the *Hanna* test. It is uncontroverted that Harris' own employees have undertaken the erection of the steel infrastructure on past projects and would have undertaken it on the Hy–Vee store, if it had not been subcontracted out to W.W. Contractors. Thus, the work "ordinarily would have been done" by Harris' employees had W.W. Contractors not contracted to do the steel work. *Hanna,* 196 Kan. at 160, 409 P.2d 786. Accordingly, the court concludes that Mr. Kiser is a statutory employee of Harris under the second *Hanna* test as well. *Id.*

**B. By Whom was Wimmer Employed.**

■ The indemnification provision of the crane's lease agreement clearly and unambiguously makes Mr. Wimmer an employee of Harris. The agreement provides that "the equipment and all persons operating such equipment, including Lessor's [BES] employees, become employees of, and are under Lessee's [Harris] exclusive jurisdiction, supervision and control ..." *Mem. in Supp. of Mot. by Defs. for Summ. J.,* at Ex. 4. In *Estate of Bryant v. All Temperature Insulation, Inc.,* 22 Kan.App.2d 387, 916 P.2d 1294 (1996), the Kansas Court of Appeals examined a similar contract provision. Like the present case, *Bryant* involved an injured construction worker who sued the lessor of a crane claiming that the lessor's crane operator negligently operated the crane. In *Bryant,* the language of the lease agreement transferring control of the crane operator was similar to the lease agreement in the present case. *Id.* at 389, 916 P.2d 1294. The *Bryant* court concluded that there was no reason why the provision transferring control of the employee should not be enforced. *Id.* at 392, 916 P.2d 1294. Similarly, the court concludes that, pursuant to the lease agreement between Harris and BES, Mr. Wimmer was an employee of Harris. *Id.*

■ As a result, the court concludes that under K.S.A. § 44–501 *et. seq.,* both Mr. Kiser and Mr. Wimmer were employees of Harris. Accordingly, the court grants Mr. Wimmer's motion for summary judgment because the exclusive remedy provision of the Workers' Compensation Act bars Mr. Kiser's claim against Mr. Wimmer. *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. at 2553–54.

**V. DEFENDANT BES' MOTION FOR SUMMARY JUDGMENT AGAINST MR. KISER.**

■ BES argues that it is entitled to summary judgment on Mr. Kiser's claim because the crane was under the exclusive jurisdiction and control of Harris at the time of the accident. However, Mr. Kiser's claims relate to the maintenance and upkeep of the crane prior to the transfer of control to Harris. *See Pretrial Order, Pl.'s Factual Contentions and Legal Theories,* ¶¶ 1(a), 1(b), 1(d), 1(f).

**1274**

Specifically, Mr. Kiser contends that BES was negligent in providing a crane to Harris with an internal leak, which created slack in the line of the crane. Thus, because Mr. Kiser's allegations against BES focus on the condition of the crane prior to BES providing it to Harris, the fact that the crane was under the exclusive jurisdiction and control of Harris at the time of the accident is not determinative. Accordingly, BES' request for summary judgment on this basis is denied. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. at 2553–54.

Based upon the broad and inclusive wording of BES' motion for summary judgment and the less than totally clear wording of the Factual and Legal Contentions in the Pretrial Order (Doc. # 37), it is also possible that BES takes the position that it is entitled to summary judgment because Mr. Kiser's claims against BES are barred by the Workers' Compensation Act under the exclusive remedy provision, K.S.A. § 44–501. To the extent that is does, the court concludes that the argument is without merit. The Workers' Compensation Act only prevents employees from suing employers, it does not preclude employees from suing negligent third parties. *See McCleskey*, 2 Kan. App.2d at 243, 577 P.2d 830. BES has provided no basis upon which to find that it is a direct or statutory employer of Mr. Kiser. Rather, it is a potentially negligent third party. Accordingly, BES' motion for summary judgment against Mr. Kiser is denied in its entirety. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. at 2553–54.

## VI. DEFENDANTS' AND THIRD–PARTY DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT ON THE ISSUE OF INDEMNIFICATION.

BES claims it is entitled to indemnification from Harris should the plaintiff prevail, pursuant to an indemnification provision in the crane's lease agreement. Harris claims that it does not have to indemnify BES under the terms of the lease agreement because part of the indemnification provision relieves Harris of its duty to indemnify if an accident is caused by the "sole negligence" of BES. The indemnification provision of the lease agreement states as follows:

INDEMNIFICATION: Lessee [Harris] agrees that the equipment, and all persons operating such equipment, including Lessor's [BES] employees, become employees of and are under Lessee's [Harris] exclusive jurisdiction, supervision and control and Lessee [Harris] *agrees to defend, indemnify and save Lessor* [BES], *its employees and agents harmless from all claims for death or injury to persons, including Lessor's* [BES] *employees, and from all loss, damage or injury to property, including the equipment arising in any manner out of Lessee's* [Harris] *operation.* Lessee's [Harris] duty to defend and indemnify hereunder shall include all costs and expenses arising out of or related to all claims specified herein, including all court and/or arbitration costs, filing fees, attorneys' fees and costs of settlement. *Lessee* [Harris] *shall not be required to indemnify Lessor* [BES] *for its sole negligence, but, Lessor's* [BES] *liability for damage caused by the sole negligence of Lessor* [BES], *its agents and employees, hereunder shall be limited to the amount of Lessor's* [BES] *liability insurance.*

*See Mem. in Supp. of Mot. by Defs. for Summ. J.*, Ex. 4. (Emphasis added).

Under Kansas law, a party can undertake responsibility for another party's negligence by contract as long as the parties' intention to do so is clear and unequivocal. *Dixon v. CertainTeed Corp.*, 944 F.Supp. 1501, 1506 (D.Kan.1996) (citing *Johnson v. Board of Comm'rs of Pratt County*, 259 Kan. 305, 913 P.2d 119 (1996)); *Bartlett v. Davis Corp.*, 219 Kan. 148, 154, 547 P.2d 800 (1976). The court believes that the indemnification provision in this case is clear and unequivocal. Harris agreed to " . . . defend, indemnify and save Lessor [BES], its employees and agents harmless from *all claims* . . . ." *See Mem. in Supp. of Mot. by Defs. for Summ. J.*, Ex. 4 (emphasis added). However, under the terms of the indemnification provision, Harris does not have to indemnify BES for its "sole negligence," meaning that BES is not entitled to indemnity for liability caused wholly and completely by its own negligence.

In *Estate of Bryant v. All Temperature Insulation, Inc.,* 22 Kan.App.2d 387, 916 P.2d 1294 (1996), the Kansas Court of Appeals construed nearly identical language in the same manner. The indemnification provisions in *Bryant* and in the present case are identical except for the following additional language in the BES–Harris lease, identified by brackets below:

> INDEMNIFICATION: Lessee agrees that the equipment, and all persons operating such equipment, including Lessor's employees, become employees of and are under Lessee's exclusive jurisdiction, supervision and control and [Lessee] agrees to [defend,] indemnify and save Lessor, its employees and agents harmless from all claims for death or injury to persons, including Lessor's employees, and from all loss, damage or injury to property, including the equipment arising in any manner out of Lessee's operation. Lessee's duty to [defend and] indemnify hereunder shall include all costs and expenses arising out of [or related to] all claims specified herein, including all court and/or arbitration costs, filing fees, attorneys' fees and costs of settlement. Lessee shall not be required to indemnify Lessor for its sole negligence, but, Lessor's liability for damage caused by the sole negligence of Lessor, its agents and employees, hereunder shall be limited to the amount of Lessor's liability insurance.

*Bryant,* 22 Kan.App.2d at 389, 916 P.2d 1294. The *Bryant* court found that the lessor of the crane was entitled to indemnification because Bryant was injured due to the negligence of the crane operator and another third party, making it impossible for the lessor of the crane to be the sole negligent party. *Id.* at 394, 916 P.2d 1294. Integral to this decision was the court's determination that the "sole negligence" clause eliminates the indemnification requirement only when the lessor is the only negligent actor. Under this construction of the "sole negligence" clause, BES will be entitled to indemnification from Harris unless the trier of fact determines that Mr. Kiser's injuries were caused as a result of only BES' negligence, by providing a crane that was unfit for safe use.

Harris argues for a different interpretation of the "sole negligence" clause. Its version focuses on the plaintiff's claims rather than the acts or omissions of the allegedly negligent parties. Harris asserts that because Mr. Wimmer is an employee of Harris and Mr. Kiser's claims against Mr. Wimmer are barred by the Workers' Compensation Act, the only claims remaining at issue are those directed at BES. Harris claims that "the only viable claims that the plaintiff may assert against BES in this action, and, in turn, the only claims for which BES may seek indemnity from Harris, are claims based upon BES's sole negligence." *See Third Party Defs. Mot. for Summ. J.* at 13.

■ Equating viable claims to sole negligence is an improper interpretation of the "sole negligence" clause contained in the lease agreement. Although the only claims at issue are directed at BES, that does not mean that BES is the only possible negligent party and that Mr. Kiser's injuries were caused by BES' sole negligence.

■ Under Kansas law, cases that involve alleged multiple tortfeasors are governed by the principles of comparative negligence and proportionate fault. *See* K.S.A. § 60–258a; *Brown v. Keill,* 224 Kan. 195, 204, 580 P.2d 867 (1978). A joined party with a defense or a non-joined party should be considered in determining the other defendants' percentage of fault or liability. *See Keill,* 224 Kan. at 206, 580 P.2d 867. In *Anderson v. Nat'l Carriers, Inc.,* 10 Kan. App.2d 203, 208, 695 P.2d 1293 (1985), the Kansas Court of Appeals held that an immune employer under the Worker's Compensation Act can be considered for the purpose of allocating proportionate fault.

■ Applying Kansas law to Harris' contention that Mr. Kiser's only viable claims are directed at BES, there are reasonable outcomes which would place fault on other parties in the action, or on non-joined parties, which would preclude Harris from invoking the "sole negligence" clause of the indemnification provision. Although Mr. Kiser cannot maintain claims against Mr. Wimmer, his possible negligence in the operation of the crane may be considered in assessing the remaining claims directed at BES under Kansas' comparative fault

scheme. *See Keill,* 224 Kan. at 206, 580 P.2d 867; *Anderson,* 10 Kan.App.2d at 208, 695 P.2d 1293. It is also possible that Mr. Kiser could be found to have been contributorily negligent. *Pizel v. Whalen,* 252 Kan. 384, 390, 845 P.2d 37 (1993). The trier of fact could also apportion fault to Joe Conroy Contractors, who is not a party to this action. *See Keill,* 224 Kan. at 206, 580 P.2d 867. Thus, if a trier of fact found either Mr. Kiser, Mr. Wimmer or Joe Conroy Contractors to be proportionately at fault, BES would not be the sole negligent party in the accident. As a result, the indemnification provision of the lease agreement would take effect, making Harris liable to defend and indemnify BES. Therefore, because there are genuine issues of material fact concerning whether BES' negligence or sole negligence caused Mr. Kiser's injuries, the court denies both motions for summary judgment on the issue of indemnification. *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. at 2553–54; *Anglemyer,* 58 F.3d at 536.[3]

**IT IS THEREFORE ORDERED BY THE COURT** that the defendants' motion for summary judgment (Doc. # 39) is granted with respect to Mr. Wimmer's Workers' Compensation Act argument and denied with respect to all other issues. The plaintiff's claims against Mr. Wimmer are hereby dismissed.

**IT IS FURTHER ORDERED** that Third Party Defendant Harris' motion for summary judgment (Doc. # 41) is denied.

**IT IS SO ORDERED.**

---

3. The court notes that Harris does not argue in its summary judgment motion that the indemnification agreement is against Kansas public policy, as it asserts in the Pretrial Order. This assertion appears to be without merit, in any event, because many Kansas cases have recognized a par-

ty's right to both transfer control of employees and hold others liable for their own negligence. *See Estate of Bryant v. All Temperature Insulation, Inc.,* 22 Kan.App.2d 387, 916 P.2d 1294 (1996); *Dixon v. CertainTeed Corp.,* 944 F.Supp. 1501 (D.Kan.1996).