**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JOHN R. CHERMOK,

      Plaintiff-Appellant,

v.

WAL-MART STORES, INC.,

      Defendant-Appellee.

No. 98-3075
(D.C. No. 95-CV-2243)
(D. Kan.)

ORDER AND JUDGMENT [*]

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, a Kansas resident, filed this diversity action seeking damages for personal injury caused by allegedly negligent acts of an employee of defendant, a South Carolina corporation. The district court granted defendant's motion for summary judgment, holding that because plaintiff was a statutory employee of defendant under Kan. Stat. Ann. § 44-503(a), he was limited to workers compensation and was precluded as a matter of law from claiming third-party negligence against defendant. Plaintiff appeals, and we affirm.

Plaintiff was employed as a truck driver by Gainey Transportation, Inc. In May 1993, he drove from Gainey's Kansas City, Kansas, facility to Neosho, Missouri. Pursuant to a contract between Gainey and defendant, he picked up a trailer loaded by Sunbeam Outdoor Products with gas grills and then drove to defendant's distribution center in Lauren, South Carolina. Upon plaintiff's arrival, an employee of defendant began to unload the truck with a slip loader. Plaintiff assisted him, at the direction of both Gainey and defendant. During the unloading, plaintiff was struck on the head, neck, and shoulder area by boxes of the product which fell from the slip loader.

Plaintiff filed for and received workers compensation in the State of Kansas against Gainey. He also commenced this third-party negligence action, which the district court decided in favor of defendant on summary judgment.

We review the grant of summary judgment de novo. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). Under Fed. R. Civ. P. 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Because this is a diversity case, we review the district court's determinations of state law de novo. See Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).

Plaintiff argues that he was not a statutory employee under § 44-503(a) and is therefore not precluded from bringing a third-party negligence claim against defendant. Plaintiff contends that he was not a statutory employee because the work he was doing at the time of his injury was not "necessarily inherent in and an integral part of [defendant's] business as to ordinarily have been done by employees of [defendant]." Appellant's Br. at 9.

The Kansas Workers Compensation Act provides an exclusive remedy for an employee injured while performing work for his employer. See Kan. Stat. Ann. § 44-501(b). The Act applies to both direct and statutory employees and employers. Section 44-503(a), which defines statutory employers and employees, see Aetna Life & Cas. v. Americas Truckway Sys., Inc., 929 P.2d 807, 811 (Kan. Ct. App. 1997), provides in part:

> Where any person (in this section referred to as principal) undertakes
> to execute any work which is a part of the principal's trade or
> business or which the principal has contracted to perform and
> contracts with any other person (in this section referred to as

-3-

contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any worker employed in the execution of the work any compensation under the workers compensation act which the principal would have been liable to pay if that worker had been immediately employed by the principal . . . .

Kan. Stat. Ann. § 44-503(a). Thus, an injured worker cannot sue his statutory employer in negligence for damages. See Selle v. Boeing Co., 840 P.2d 542, 543 (Kan. Ct. App. 1992).

Courts apply the following tests to determine if the work giving rise to the employee's injury is a part of the principal's trade or business under § 44-503(a):

(1) [I]s the work being performed by the independent contractor and the injured employee necessarily inherent in and an integral part of the principal's trade or business? (2) is the work being performed by the independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal?

If either of the foregoing questions is answered in the affirmative the work being done is part of the principal's trade or business, and the injured employee's sole remedy against the principal is under the [Workers] Compensation Act.

Bright v. Cargill, Inc., 837 P.2d 348, 356 (Kan. 1992) (quotations omitted). When applying these tests, no formula or list of factors is deemed controlling. See Rodriquez v. John Russell Constr., 826 P.2d 515, 518 (Kan. Ct. App. 1991).

We agree with the district court that plaintiff was a statutory employee of defendant under both tests. Unloading trailers is "necessarily inherent in and an integral part of" defendant's business of selling merchandise. Also, because

-4-

plaintiff and defendant's employee both were engaged in the unloading of the truck, this is a type of work ordinarily performed by defendant's employees.

Plaintiff maintains that the language "necessarily inherent in and an integral part of" contemplates that the work be more than incidental or minor. We disagree. No case law establishes such a requirement. Cf. Rodriquez, 826 P.2d at 518 (no requirement that work undertaken be primary work of principal contractor; work need only be part of principal contractor's overall operations). Also, the Act is to be liberally construed, whether or not it is desirable for the employee. See id. at 519.[1]

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge

---

[1] The district court also determined that regardless of whether Kansas or South Carolina law applied, plaintiff's exclusive remedy was workers compensation. Plaintiff does not make any argument regarding South Carolina law on appeal. Apparently, he has abandoned any such argument. See Swanson ex rel. Swanson v. Guthrie Indep. Sch. Dist. No. I-L, 135 F.3d 694, 702-03 (10th Cir. 1998). Nonetheless, after reviewing South Carolina law, we agree with the district court's determination that workers compensation is also the exclusive remedy under South Carolina law.